18412

ALEXANDER AMUSEMENT COMPANY and J. M. Flowe, doing business as Greenwood Music Company, Respondents,
v. The STATE of South Carolina, Appellant

(144 S. E. (2d) 718)

*Messrs. Daniel R. McLeod, Attorney General, Ben T. DeBerry, Assistant Attorney General,* of Columbia, and *W. K. Charles, Jr., Attorney for City of Greenwood,* of Greenwood, *for Appellant,*

*Messrs. Nicholson & Nicholson,* of Greenwood, and *Belser, Belser & Baker,* of Columbia, *for Respondents,*

October 27, 1965.

Lewis, Justice.

The sole question for determination in  this appeal is whether certain coin-operated nonpayout pinball tables with free play feature owned by the plaintiff are subject to confiscation as gambling devices under the provisions of Section 5-622 of the 1962 Code of Laws.

The plaintiff is engaged in the business of supplying amusement devices for operation in retail business establishments. The equipment is furnished upon a lease arrangement with the retailer under which the plaintiff is paid specified sums for the maintenance and supply of the machines. In the operation of its business, the plaintiff leased to various business establishments in the City of Greenwood certain coin-operated pin tables. The pin tables were so constructed that upon their successful manipulation free games were allowed as registered on the machine.

An undercover agent of the Greenwood Police Department visited several of the business establishments in which plaintiff's pin tables had been placed and played the machines by depositing coins therein, accumulating a number of free games on each. The agent then requested and obtained from the operators of the establishments payment in cash based on the number of free games to his credit on each machine. The plaintiff had no connection with the day-to-day operation of the pin tables other than to service them upon call and had no knowledge of the transaction between the individual business proprietors and the officer of the City of Greenwood, which resulted in the payment in cash to the officer for the free games won on the machines.

The operators of the business establishments involved were subsequently charged with keeping, operating and permitting to be operated on their respective premises pinball machines which were used as gambling devices, to which they pled guilty and paid fines.

Thereafter, the pinball machines in question were seized for confiscation and destruction as gambling devices. Upon the seizure of the pinball tables, the plaintiff brought this action in claim and delivery to recover possession thereof, alleging that, under the statutory law of this State, the machines are not subject to confiscation. The lower court sustained the contention of the plaintiff, from which the State has prosecuted this appeal.

The claimed right of the State to confiscate the pinball tables in question is based upon Section 5-622 of the 1962 Code of Laws, which is as follows:

"Any vending or slot machine, punch board, pull board or other device pertaining to games of chance prohibited by § 5-621 shall be seized by any officer of the law and at once taken before any magistrate of the county in which such machine, board or device is seized who shall immediately examine it and if he is satisfied that it is in violation of said section or any other law of this State he shall direct that it be immediately destroyed."

It is clear that the devices permitted to be confiscated under the foregoing section are limited to those "pertaining to games of chance prohibited by § 5-621," or those in violation of "any other law of this State."

Section 5-621 makes it "unlawful for any person to keep on his premises or operate or permit to be kept on his premises or operated within this State any vending or slot machine, punch board, pull board or other device pertaining to games of chance of whatever name or kind," etc.; but specifically exempts from such prohibition "coin-operated non-payout pin tables with free play feature."

It is conceded that the devices here involved are "coin-operated nonpayout pin tables with free play feature." They are therefore specifically exempted from the provisions of Section 5-621 and thereby from the confiscation provisions of Section 5-622, unless they are in violation of "any other law of this State." We have found no other law, nor has any other been cited, that would make such coin-operated pin tables unlawful devices.

Under the foregoing circumstances, as held by the lower court, "the statutory law leaves no question but that, while the use of any such machine for an actual gambling transaction might support a charge against the individual for gambling, the machine itself, when one within the specific statutory exemption, is not subject to confiscation."

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.