19715

The STATE Respondent, v. Cynthia PATTERSON and John Eddie Brooks, Appellants

(200 S. E. (2d) 68)

*Robert B. Nance, Esq.,* of Columbia, *for Appellants,* cites:

*William R. Hare, Esq., Sol.,* of Chester, *for Respondent,* cites:

October 31, 1973.

LITTLEJOHN, Justice:

Cynthia Patterson and John Eddie Brooks were tried and convicted upon an indictment which charged them with violation of § 16-302 of the Code of Laws of South Carolina (1962). This section makes it unlawful to possess certain

tools commonly employed in the commission of certain crimes. The tools named in the indictment were "preprinted checks, I.D. cards and credit cards", all of which were alleged to be false, fictitious or the property of another and alleged to be implements and things adapted, designed and commonly used for the commission of forgery.

Upon the call of the case, and again after the State had presented its evidence, and after all evidence was presented, a motion was made to quash the indictment on the ground that preprinted checks, I.D. cards and credit cards were not tools contemplated by the terms of the statute. All three motions were overruled. Both Patterson and Brooks have appealed, alleging error on the part of the trial judge in failing to grant the motions.

The sole issue thus presented is whether the possession of these items by Patterson and Brooks were properly indictable under § 16-302, which provides as follows:

"Making, mending or possessing tools, etc., to be employed in crime.—A person who makes or mends, causes to be made or mended or has in his possession in the day or nighttime any engine, machine tool, false key, picklock, bit, nippers, nitroglycerine, dynamite cap, coil or fuse, steel wedge, drill, tap-pin or other implement or thing adapted, designed or commonly used for the commission of burglary, larceny, safecracking or other crime, under circumstances evincing any intent to use or employ or allow the same to be used or employed in the commission of a crime or knowing that the same are intended to be used, shall, upon conviction, be guilty of a misdemeanor. In either case he shall, upon conviction, be punished at the discretion of the court."

This provision, commonly referred to as the burglary tool statute, was discussed by this Court in the case of *State v. Pulley,* 216 S. C. 552, 59 S. E. (2d) 155 (1950). *Pulley* was alleged to have had in his possession dynamite fuses and caps, a large and small crowbar, an auger and bit, a small key-hole flashlight, a cord described as a "strangle cord",

a rubber syringe, a quantity of cotton, a large flashlight, an all metal screwdriver, two metal punches, a pair of cotton gloves, adhesive tape, and a number of keys. There was evidence that all of these were adapted to use in activities connected with housebreaking and safecracking. This Court held that the items "need not have been originally designed for a burglarious purpose, *if they are suitable for breaking and entering*" (emphasis added). Also see *State v. Puckett,* 237 S. C. 369, 117 S. E. (2d) 369 (1960).

All of the items specifically enumerated in the statute, together or separate, are obviously suitable for use where force is needed to break and enter burglariously. It cannot be forecfully argued that forged checks, I.D. cards and credit cards are adapted, designed or commonly used for a like purpose. Nothing in the statute quoted above would indicate that the legislature intended by this statute to proscribe the possession of these forged instruments.

General words in a statute must be construed in context and, under the doctrine of *ejusdem generis,* the meaning of such words may be restricted by words of specification which precede them on the theory that if the legislature had intended the general words to be used in their unrestricted sense, there would have been no mention of the particular class. Cases collected, South Carolina Digest, Statutes, Key No. 194 (1952 Cum. Supp. 1972).

The State argues that Patterson and Brooks were properly indicted under that portion of § 16-302 which provides criminal punishment for one who "has in his possession . . . any . . . other implement or thing adapted, designed or commonly used for the commission of . . . other crime" with the required intent. Such a construction is not warranted. It offends the constitutional requirement, of due process and definiteness, that a criminal statute must give fair notice of the conduct that it proscribes. See *Bouie v. City of Columbia,* 378 U. S. 347, 84 S. Ct. 1697, 12 L. Ed. (2d) 894 (1964).

This constitutional requirement is violated when a statute fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no one should be held criminally responsible for conduct which he could not reasonably understand to be prohibited, *Bouie, supra*. We are of the opinion that the statute did not give fair notice that the conduct described in the indictment was unlawful.

The motion to quash should have been granted and the case is remanded for disposition in the lower court consistent with the view herein expressed.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.