William Paul **BURRIS, Individually and as Administrator of the Estate of Sue Gail Burris, Plaintiff-Appellant,**

v.

**HOSPITAL CORPORATION OF AMERICA formerly Park View Hospital, Defendant-Appellee,**

**Robert W. Ikard, M.D., E.I. DuPont de Nemours and Company, Bard Cardio Surgery, Defendants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 3, 1989.

Permission to Appeal Denied by Supreme Court June 5, 1989.

William B. Vest, Hendersonville, for plaintiff-appellant.

C.J. Gideon, Jr., Nashville, for defendant-appellee.

William P. Sutherland, Nashville, for defendant Ikard.

Mark J. Patterson, Nashville, for defendant E.I. DuPont de Nemours.

Laurence E. Levine, Nashville, for defendant Bard Cardio Surgery.

OPINION

TODD, Presiding Judge.

This is a wrongful death suit in which the Trial Court entered a summary judgment dismissing one of the defendants, Hospital Corporation of America and declared said judgment to be final under TRCP 54.02. Plaintiff has appealed and presented the single issue of the correctness of the summary judgment.

The uncontroverted facts in the record are as follows:

On September 14, 1978, and thereafter Sue G. Burris, wife of plaintiff was a patient in Park View Hospital, owned by appellee and hereafter designated as H.C.A.– Park View. Mrs. Burris was attended by her personal physicians who performed certain surgical procedures upon Mrs. Burris in the surgical area of the hospital. On September 19, 1978, Mrs. Burris's surgeon performed an open lung biopsy and removed a portion of the right lung. The surgeon instructed the attending nurse to provide him with Teflon felt. She obtained a Teflon felt from the storage area. The surgeon cut the Teflon felt into small pieces called "pledgets" which were used to support sutures in the closure of the lung. The pledgets were intended to remain in the lung permanently. At the time of the surgery, Teflon felt was the only device for supporting lung sutures and had been so used by the surgeon seven years without any complication. The presence of the pledgets enhanced the perpetuation of the infection in the lung. The infection eroded blood vessels which required the subsequent removal of the lung. Mrs. Burris died on December 11, 1987, of respiratory insufficiency which was increased by the removal of the lung.

This suit was filed December 31, 1987.

Appellee insists that this suit is barred by the provisions of TCA §§ 29–26–101 et seq.—the Medical Malpractice Review Board and Claims Act of 1975, § 29–26–116(a) as follows:

Statute of limitations—Counterclaim for damages.—(a)(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28–3–104.

(2) In the event the alleged injury is not discovered within the said one (1)

year period, the period of limitation shall be one (1) year from the date of such discovery.

(3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

(4) The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

Prior to its repeal in 1985, TCA § 29–26–102(4) & (6) provided as follows:

(4) "Health care provider" includes but is not limited to physicians (including osteopaths), dentists, clinical psychologists, pharmacists, optometrists, podiatrists, registered nurses, physicians' assistants, chiropractors, phsycial therapists, nurse anesthetists, anesthetists, emergency medical technicians, *hospitals*, nursing homes and extended care facilities.... (emphasis supplied)

....

(6) "Medical malpractice action" means an action for damages for personal injury or death as a result of any medical malpractice by a health care provider, whether based upon tort or contract law. The term shall not include any action for damages as a result of negligence of a health care provider when medical care by such provider is not involved in such action.

It is seen that, in September, 1978, when the surgery occurred, the statutory definition of "Health Care Provider" included hospitals; and that the statutory definition of "Medical Malpractice Action" included an action for death resulting from malpractice by a health care provider (including a hospital) whether based upon tort or con-

tract law. It is also seen that the maximum statute of limitations upon an action for malpractice was and is three years except where a foreign object has been negligently left in a patient's body.

■ The uncontradicted evidence shows that the Teflon felt pledgets were intentionally and not negligently left in the patient's body. In *Hall v. Ervin* Tenn.1982, 642 S.W.2d 724 the Supreme Court held that TCA § 29–26–116(a)(4) was inapplicable to the deliberate and intentional insertion of an intra-uterine device. In that case, the device was not inserted by the defendant but was later "left" in place by a failure to discover on examination. Also discussed is the obvious knowledge and consent of the patient as to the original insertion. However, in discussing the meaning and intent of the statute, the Supreme Court said:

Both courts below were of the opinion that the statutory exception was intended to apply to cases where something never intended to be inserted at all or something only temporarily utilized was negligently permitted to remain in a patient's body, such as a clamp or sponge following surgery, and not to an object which had been deliberately implanted there, such as an intra-uterine contraceptive device, a pacemaker, dental work or other devices knowingly and intentionally inserted and intended to remain for an indefinite period of time. We believe that this represents the legislative intent, as stated by the Court of Appeals,.... (at page 727)

Moreover, the decision and act of leaving the pledgets in the patient's body was that of the surgeon and not of the hospital.

■ The clear intent of § 29–26–116(4), above, is that the exception therein is applicable only to the health provider who negligently leaves a foreign object in a patient's body, and that the subsection is inapplicable to a defendant who did not negligently leave the object in the body even though another defendant might have done so and

might be subject to the section. This was recognized in *Hall v. Ervin*, Supra in the following statement:

 Further, we agree with the Court of Appeals that the statutory exception under consideration was intended to apply to cases where the defending health care provider was in some way responsible for the initial presence of the foreign object complained of.... The statute, in our opinion, contemplates negligence of a defending party in placing or permitting the intrusion of some object during surgery or other medical treatment and then failing to see that it is properly removed. (page 728)

Plaintiff asserts that this suit against appellee involves the characteristics of a products liability case which is not comprehended within the Medical Malpractice Review Board and Claims Act. This Court does not agree. The act uses the inclusive words, "Whether based upon tort or contract law".

Tort is defined as a private or civil wrong or injury; a wrong independent of contract; a violation of a duty imposed by general law or otherwise upon all persons occupying the relation to each other involved in a given transaction; a violation of some duty owing to plaintiff, and generally such duty must arise by operation of law and not by mere agreement of the parties. *Black's Law Dictionary*, Fourth Edition, p. 1660.

Since a tort is defined as a civil wrong independent of contract, it may be accurately stated that all civil wrongs are either contractual or tortious. If this be so, the words, "whether based upon tort or contract law" must include all civil wrongs. Any ground which a plaintiff might state for recovery of civil damages must fall into one of the categories, contract or tort. Therefore, any ground stated by plaintiff must be within the statutory definition of "Medical Malpractice ... whether based upon tort or contract law."

This Court is satisfied that the limitation imposed by TCA § 29-26-116 is applicable to the present case and that plaintiff's suit against H.C.A. Parkview Hospital is thereby barred. This conclusion renders unnecessary any discussion of the other interesting theories so ably urged by counsel.

The judgment of the Trial Court dismissing plaintiff's suit against Hospital Corporations of America is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded for such further proceedings, if any, as may be necessary and proper.

Affirmed and Remanded.

FRANKS and KOCH, JJ., concur.