COMBUSTION SYSTEMS SALES, INC., PLAINTIFF v. HATFIELD HEATING & AIR CONDITIONING CO., INC., DEFENDANT

No. 9018SC652

(Filed 7 May 1991)

**Process § 14.3 (NCI3d) — South Carolina corporation — long-arm statute — minimum contacts**

The trial court did not err in denying defendant's motion to dismiss for lack of personal jurisdiction where defendant was a South Carolina corporation which entered into a contract with a North Carolina corporation regarding a construction contract on a South Carolina military base. There is no question

that the valves, seals, pumps, etc. which plaintiff Combustion Systems sent to defendant pursuant to defendant's purchase order constituted goods shipped from North Carolina by the plaintiff to the defendant on the defendant's order or direction, so that the case clearly falls within the language of the long-arm statute, N.C.G.S. § 1-75.4. Defendant had sufficient minimum contacts to justify the exercise of personal jurisdiction over defendant without violating the due process clause because the non-resident defendant sent a purchase order for a boiler system to plaintiff's Greensboro office where it was accepted by plaintiff; plaintiff subsequently spent considerable time and energy in its North Carolina offices engineering and designing a boiler system for defendant; although the installation of the boiler system took place in South Carolina, plaintiff shipped a laundry list of parts and equipment from its North Carolina offices to defendant's facility in South Carolina; plaintiff sent several service technicians to South Carolina to supervise installation and to train the facility's boiler operators; and it was defendant who suggested that the parties use defendant's Fayetteville motel rooms/offices to discuss the formation of the contract in dispute.

**Am Jur 2d, Courts § 146.**

**Construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations on making or performing a contract within the state. 23 ALR3d 551.**

APPEAL by defendant from Order entered 7 March 1990 in GUILFORD County Superior Court by *Judge James A. Beaty, Jr.* Heard in the Court of Appeals 13 December 1990.

*Richard M. Warren, for plaintiff-appellee.*

*Tuggle, Duggins, Meschan & Elrod, P.A., by J. Reed Johnston, Jr., for defendant-appellant.*

WYNN, Judge.

This is an appeal from an order denying defendant's motion to dismiss a complaint for lack of personal jurisdiction. We affirm for the following reasons.

I

The record shows that the defendant, Hatfield Heating & Air Conditioning Company, Inc. (hereinafter "Hatfield Heating"), is a South Carolina corporation with its principal place of business located in Sumter, South Carolina. Plaintiff, Combustion Systems Sales, Inc. (hereinafter "Combustion Systems"), is a North Carolina corporation with its principal place of business located in Greensboro, North Carolina. Prior to its dealings with the plaintiff, Hatfield Heating had previous business ties with North Carolina. Between 1985 and 1988, the defendant performed a construction contract at Fort Bragg, a military installation near Fayetteville, North Carolina.

In 1988, Paul C. Plybon, president of Combustion Systems, called Hatfield Heating's president, Fred Hatfield, Sr., in Sumter, South Carolina. Mr. Plybon inquired about the possibility of Combustion Systems' supplying a boiler system for a construction project which Hatfield Heating was seeking to obtain on a South Carolina military base. Mr. Plybon offered to make a presentation in South Carolina, but he and Mr. Hatfield agreed that it would be best for the two to meet in one of several motel rooms in Fayetteville, North Carolina, which Hatfield Heating had rented to use as "offices" for the supervision of the Fort Bragg project. Although there is some disagreement between the parties as to where the contract was formed, it is clear that after meeting at the motel, Combustion Systems sent a design proposal to Hatfield Heating's South Carolina place of business. Responding to this proposal, Hatfield Heating mailed a purchase order for the boiler system from its place of business in South Carolina to the plaintiff's Greensboro office. Pursuant to this purchase order, the boilers, which were manufactured in and shipped from Michigan, were sent to the defendant. In addition, Combustion Systems shipped several pieces of equipment from North Carolina to Myrtle Beach Air Force Base in South Carolina. Included in this equipment were valves, seals, pumps, steam traps, chemicals and boiler parts. Not only did Combustion Systems provide the equipment, but they also sent service technicians to South Carolina to supervise the installation of the boiler system and to train the Myrtle Beach facility's boiler operators.

After the Myrtle Beach construction had been completed, Hatfield Heating failed to pay for the work performed by Combustion Systems. As a result, Combustion Systems brought this suit

in the Superior Court of Guilford County, alleging breach of contract by the defendant.

In a pre-answer motion, Hatfield Heating moved to dismiss the plaintiff's complaint pursuant to North Carolina Rule of Civil Procedure 12(b)(2): lack of personal jurisdiction. The trial judge denied the defendant's motion and defendant immediately appealed.

## II

From the outset, we note that the basis for jurisdiction of this interlocutory appeal lies in North Carolina General Statutes section 1-277(b) (1983), which states in pertinent part: "Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant . . . ." Thus, defendant's immediate appeal prior to the determination of the underlying controversy is properly before this court.

## III

Defendant's sole assignment of error is that the trial judge erred in denying its motion to dismiss the complaint for lack of personal jurisdiction. With this, we disagree.

Under North Carolina case law a two-step inquiry and analysis is necessary to determine whether a non-resident defendant is subject to the *in personam* jurisdiction of our courts: (1) does the transaction which gave rise to the underlying action fall within the language of the State's "long-arm" statute; and (2) if so, does the decision to exercise personal jurisdiction violate the due process clause of the fourteenth amendment to the United States Constitution. *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 364, 348 S.E.2d 782, 785 (1986) (citing *Miller v. Kite*, 313 N.C. 474, 329 S.E.2d 663 (1985)).

## A

### Long-Arm Statute

There are several provisions of our General Statutes applicable to this case which grant our courts the authority to exercise personal jurisdiction over a non-resident defendant. However, it is necessary to address only one of these provisions to conclude that the trial judge's denial of the defendant's motion to dismiss was correct.

Our long-arm statute, North Carolina General Statutes section 1-75.4, provides in pertinent part as follows:

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under any of the following circumstances:
>
> . . . .
>
> (5) Local Services, Goods or Contracts. — In any action which:
>
> (d) Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction[.]

N.C. Gen. Stat. § 1-75.4(5)(d) (1983).

The instant case clearly falls within the language of section 1-75.4(5)(d). There is no question that the valves, seals, pumps, etc. which Combustion Systems sent to defendant pursuant to defendant's purchase order, constituted "goods . . . shipped from this State by the plaintiff to the defendant on [the defendant's] order or direction." Since plaintiff's present action for breach of contract relates to those goods, G.S. § 1-75.4(5)(d) plainly provides a statutory basis for this State's exercise of personal jurisdiction over the non-resident defendant, Hatfield Heating.

B

Due Process Requirements

Turning now to the second part of the two-step inquiry, due process prohibits our state courts from exercising jurisdiction unless defendant has had certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Tom Togs, Inc., supra,* at 365, 348 S.E.2d at 786. In each case, "it is essential that there be some act by which [the] defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *CFA Medical, Inc.,* 95 N.C. App. 391, 394, 383 S.E.2d 214, 216 (1989) (quoting *Cameron-Brown Co. v. Daves,* 83 N.C. App. 281, 285, 350 S.E.2d 111, 114 (1986)). "[O]nly then will the nonresident have acted in such a way that 'he can reasonably anticipate being haled into

court [in the forum state]' " *Id.* at 394-395, 383 S.E.2d at 216 (quoting *World Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 62 L.Ed. 2d 490, 501 (1980) ).

The state is exercising "specific jurisdiction" in cases where the underlying controversy arises out of the non-resident defendant's contacts with the forum state. *Tom Togs, Inc., supra,* at 366, 348 S.E.2d at 786. Where specific jurisdiction is involved, the focus of the minimum contacts inquiry is on the relationship among the defendant, the forum state and the cause of action. *Buck v. Heavner,* 93 N.C. App. 142, 145, 377 S.E.2d 75, 77 (1989) (citing *Shaffer v. Heitner,* 433 U.S. 186, 204, 53 L.Ed. 2d 683, 698 (1977) ).

Although the existence of a contractual relationship between a North Carolina resident and an out-of-state defendant will not *automatically* establish the minimum contacts necessary to exercise personal jurisdiction over the non-resident defendant, a single contract can provide a sufficient basis for the exercise if the contract has a substantial connection with this State. *Tom Togs, Inc.,* 318 N.C. at 367, 348 S.E.2d at 786.

In the instant case, the contract did have the necessary substantial connection. The non-resident defendant sent a purchase order for a boiler system to the plaintiff's Greensboro office where it was accepted by the plaintiff. Subsequently, plaintiff spent considerable time and energy in its North Carolina offices engineering and designing a boiler system for defendant. Although the installation of the boiler system took place in South Carolina, plaintiff shipped a laundry list of parts and equipment from its North Carolina offices to the defendant's facility in South Carolina. In addition, plaintiff sent several of its service technicians to South Carolina to supervise installation and to train the Myrtle Beach facility's boiler operators. Together, plaintiff's technicians logged over two thousand miles in travel between North and South Carolina. Based on this evidence, we must conclude that the contract between the defendant and plaintiff did indeed have a substantial connection with the State of North Carolina.

It is also important to note the fact that it was the defendant who suggested that the parties use the defendant's Fayetteville motel rooms/"offices" to discuss the formation of the contract in dispute. We believe defendant's use of the rented motel rooms as "offices," in which at least one known business deal was discussed or negotiated, supports the conclusion that defendant pur-

posefully availed itself of the privilege of conducting business activities in this State.

After reviewing the evidence and examining the relationship among defendant, the forum, and the cause of action, we conclude that the defendant has sufficient minimum contacts to justify this State's exercise of personal jurisdiction over defendant without violating the due process clause. For this reason, the decision of the trial court denying defendant's motion to dismiss for lack of personal jurisdiction is affirmed.

Affirmed.

Judges PHILLIPS and EAGLES concur.