23961

Rhudine SWANIGAN, Personal Representative of the Estate of Pumpy W. Swanigan, Deceased, Plaintiff v. AMERICAN NATIONAL RED CROSS, d/b/a American Red Cross, Central South Carolina Chapter S.C. Regional Blood Services, Defendant.

(438 S.E. (2d) 251)

Supreme Court

*Charles L. Henshaw, Jr.* of *Furr & Henshaw,* and *Benjamin M. Mabry,* of *Cromer & Mabry,* Columbia, *for plaintiff.*

*Stephen G. Morrison, Stuart M. Andrews, Jr.* and *Daniel J. Westbrook,* all *of Nelson, Mullins, Riley and Scarborough,* Columbia, *David P. Gersch,* of *Arnold & Porter,* Washington, DC, *for defendant.*

Heard Sept. 22, 1993.

Decided Dec. 6, 1993.

HARWELL, Chief Justice:

Pursuant to Rule 228, SCACR, the following question has been certified to this court by the United States District Court for the District of South Carolina:

> Is an action against a blood collection agency for negligent collection, processing, and supplying of allegedly contaminated blood, including the health history screening of voluntary blood donors and the testing of their blood, governed by the statute of limitations and repose for medical malpractice actions codified in S.C. Code Ann. § 15-3-545, or by the general statute of limitations for negligence actions codified in S.C. Code ann. § 15-3-530(5)?

## I. *FACTS*

On January 16, 1985, Pumpy Swanigan (Swanigan) underwent heart surgery and was transfused with blood products collected and processed by the American Red Cross (Red Cross). On August 4, 1986, the Red Cross notified the hospital that a donor of the blood given to Swanigan had tested positive for antibodies to Human Immunodeficiency Virus (HIV), the virus that causes Acquired Immunodeficiency Syndrome (AIDS). Swanigan tested positive for HIV on August 20, 1986, and died on July 3, 1991.

On March 2, 1992, Swanigan's wife commenced survival and wrongful death actions, alleging that the Red Cross was negligent in supplying contaminated blood and in collecting blood from a donor that should have been deferred. The Red Cross moved for summary judgment, claiming that the action was governed by the three-year statute of limitations for medical malpractice actions provided in section 15-3-545 rather than the six-year statute of limitations for negligence actions provided in section 15-3-530(5). As a result of that motion, the aforementioned question was certified to this Court.

## II. *DISCUSSION*

Section 15-3-545 provides a three-year statute of limitations for medical malpractice actions against any "licensed health care provider." The Red Cross argues that because the trans-

fusion of blood is considered a "medical service,"[1] blood banks constitute a "licensed health care provider" and, therefore, section 15-3-545 governs this action. We disagree.

"Licensed health care provider" is defined in S.C. Code Ann. § 38-79-410 (1989)[2] as:

> [P]hysicians and surgeons; directors, officers, and trustees of hospitals; nurses; oral surgeons; dentists; pharmacists; chiropractors; optometrists; podiatrists; hospitals; nursing homes; or *any similar category of licensed health care providers.* (Emphasis added.)

Our primary function in interpreting a statute is to ascertain and give effect to the intention of the Legislature. *Wright v. Colleton County Sch. Dist.*, 301 S.C. 282, 391 S.E. (2d) 564 (1990). When the Legislature uses words of particular and specific meaning followed by general words, the general words are construed to embrace only persons or things of the same general kind or class as those enumerated. *State v. Patterson*, 261 S.C. 362, 200 S.E. (2d) 68 (1973). The enumerated persons and institutions in section 38-79-410 are all within the same general kind or class of persons and institutions that provide health care to patients. Consequently, an institution or person must provide health care to patients to qualify as a "similar category of licensed health care provider." We find that the collection and processing of blood does not constitute providing health care to patients. *Accord Silva v. Southwest Fla. Blood Bank, Inc.*, 601 So. (2d) 1184 (Fla. 1992) (blood banks are not considered providers of health care); *Miles Lab., Inc. v. Doe*, 315 Md. 704, 556 A. (2d) 1107 (1989) (the Red Cross is not a health care provider); *Kaiser v. Memorial Blood Ctr.*, 486 N.W. (2d) 762 (Minn. 1992) (blood banks do not qualify as "other health care professionals" under the malpractice statute of limitations); *Doe v. American Nat'l Red Cross*, 176 Wis. (2d) 610, 500 N.W. (2d) 264 (1993) (the Red Cross does not qualify as a health care provider because it plays no role in the care of patients). Accordingly, we hold that the Red Cross is not included in the

---

[1] *See Doe v. American Red Cross Blood Servs.*, 297 S.C. 430, 377 S.E. (2d) 323 (1989); S.C. Code Ann. § 44-43-10 (1985).

[2] Formerly codified at S.C. Code Ann. § 38-59-110 (1976).

definition of "licensed health care provider" in section 38-79-410.

Alternatively, the Red Cross argues that this action is controlled by section 15-3-545 because licensed physicians, nurses, and other medical professionals are employed at all levels of the blood collection process. However, the claim against the Red Cross is based on its failure to adopt proper testing and screening procedures at the organizational level rather than on the imputed negligence of individual employees. Moreover, the mere employment of health care professionals is not sufficient to make an employer a "licensed health care provider."

For the foregoing reasons, we hold that an action against a blood collection agency for negligent collection, processing, and supplying of allegedly contaminated blood is governed by the general statute of limitations for negligence actions codified in section 15-3-530(5).

Certified question answered.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.