[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COMPLAINTS
This is a four count complaint brought by plaintiff mother on behalf of her six year old child against defendant hospital seeking damages arising from alleged sexual assault by another minor sharing the minor plaintiff's room at the hospital.
In the first count, plaintiffs allege that the defendant hospital was negligent, careless, and reckless in the supervision and care of the minor plaintiff while he was an inpatient in the psychiatric unit of defendant hospital.
In count two, the minor plaintiff alleges that the defendant hospital violated General Statutes §§ 17a-541
and 17a-542, by failing to treat him in a humane and dignified manner with full respect of his personal dignity and right to privacy.
In count three, the plaintiff mother alleges that as a result of the defendant hospital's negligence, carelessness and recklessness, she has suffered great pain, mental anguish and emotional injuries.
In count four, the plaintiff mother alleges that as a result of the defendant hospital's breach of its statutory duty under §§ 17a-541 and 17a-542, she has CT Page 5216 suffered great pain, mental anguish and emotional injuries.
Defendant hospital moves to strike all four counts of plaintiffs' complaint, claiming (1) that counts one and three should be stricken because they allege negligence by a health care provider and plaintiffs failed to file a certificate of good faith inquiry as required pursuant to General Statutes § 52-190a; (2) that counts two and four should be stricken for failing to allege a cause of action under General Statutes §§ 17a-541 and 17a-542, the Patients' Bill of Rights; and (3) that counts three and four must be stricken on the ground that bystander emotional distress is not a recognized cause of action in Connecticut.
Plaintiff has not objected to the striking of count four.
I
Counts one and three of plaintiffs' complaint, respectively, allege that the defendant was negligent as the minor plaintiff and the plaintiff mother. The defendant hospital moves to strike counts one and three for failure to comply with General Statutes § 52-190a
which provides:
 No civil action shall be filed to recover damages resulting from personal injury or wrongful death . . . whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action CT Page 5217 against each named defendant.
The absence from the complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike pursuant to Practice Book § 152(1) for failure to state a claim upon which relief can be granted. LeConche v. Elligers, 215 Conn. 701, 711
(1990). While the defendant hospital asserts that because this is a medical malpractice case, the certificate of good faith inquiry is essential, plaintiffs argue that their allegations sound in ordinary negligence rather than medical malpractice, and the certificate is not required.
In Barnes v. Schlein, 192 Conn. 732, 735 (1984), cited by both parties, our Supreme Court stated:
 Whether the plaintiff's cause of action is one for malpractice depends upon the definition of that word and the allegations of the complaint. . . . Malpractice is commonly defined as `the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services.'
Defendant claims that the above language conclusively puts the present action into the realm of medical malpractice; the plaintiffs maintain that they have alleged ordinary negligence in their complaint rather than medical malpractice.
In Badrigian v. Elmcrest Psychiatric Institute, Inc.,6 Conn. App. 383 (1986), the plaintiff sought damages for the wrongful death of her decedent who was killed while attempting to cross a highway while under the out-patient care of the defendant institute. The allegations of the plaintiff's complaint were based primarily on the alleged negligence of the defendant in failing to supervise its patients, particularly in crossing the highway to reach an area where food was served by the institute. The appellate court stated on pp. 386-7: CT Page 5218
 The defendant is attempting to transform this case from one of simple negligence into that of medical malpractice requiring expert medical testimony to prove a medical standard of care and a breach thereof. The negligence alleged in the plaintiff's complaint was provable without expert medical testimony. . . . The court, in effect, held that one need not be guided by medical experts in determining whether a mentally ill person should be allowed to cross on foot a heavily traveled four lane state highway without supervision. There was no esoteric or uniquely medical issue to be determined under the allegations of this case, and the court correctly categorized the negligence charged against the hospital as involving `no materia medica, nor any complex issue requiring specialized knowledge.'
We find that there are no "esoteric or uniquely medical issue[s]" to be determined under the allegations of the complaint and that they do not rise to the level of alleging medical malpractice. Accordingly, a good faith certificate was not required under § 52-190(a).
II
The defendant moves to strike count two on the ground that no cause of action is sufficiently alleged under General Statutes §§ 17a-541 and 17a-542, two sections of the Patient's Bill of Rights. Specifically, the defendant argues that with respect to this count which alleges a violation of the minor plaintiff's rights, the statute applies only to injuries resulting from the acts or omissions of the facility itself, rather than from the acts of another patient such as the minor plaintiff's roommate. Plaintiffs argue that defendant failed to provide a safe environment and failed to provide proper and adequate supervision so that sexual assaults would not occur on hospital premises, claiming that "humane and dignified treatment" as prescribed in § 17a-542 includes basic and safe custodial care.
In Mahoney v. Lensink, 213 Conn. 548 (1990) the CT Page 5219 Supreme Court discussed in depth the legislative purpose in enacting the Patient's Bill of Rights and concluded that the enactment of the Patient's Bill of Rights was intended to remedy the then prevailing conditions that affected patients at mental health facilities.
In holding that the plaintiffs' complaint in Mahoney
stated a cause of action for violation of [§ 17a-542] the court stated:
 While it is true that the complaint does not expressly charge the defendants with a failure to formulate or monitor an individualized treatment plan, it does include allegations that the defendants wrongfully `failed to provide proper counseling, medication, supervision or suicide precautions, so as to prevent the decedent from acting on his suicidal tendencies.'
Id., 567.
Count two of the instant complaint merely alleges conclusions as to defendant's duty to the minor plaintiff and resulting injury incurred when the minor plaintiff was allegedly sexually assaulted by another patient. The complaint fails to include allegations as to howdefendant's action or inaction violated the minor plaintiff's rights under this statute and is therefore insufficient.
III
The defendant moves to strike count three on the alternative ground that Connecticut does not recognize a cause of action for bystander emotional distress. Although there are some superior court decisions to the contrary, the prevailing law in Connecticut appears to bar a claim to recover for the type of bystander emotional distress asserted in this case. Strazza v.McKittrick, 146 Conn. 714 (1959) and Maloney v. Conroy,208 Conn. 392, 1059 (1988).
Our view is in accord with the current majority of superior court decisions which have not recognized a CT Page 5220 cause of action for bystander emotional distress. Silvav. Carlson, 5 Conn. L. Rptr. 433 (February 3, 1992, Mihalakos, J.); Messina v. Vellafonck,5 Conn. L. Rptr. 329 (January 6, 1992, Gray, J.); Urickeck v. AmazingStores, Inc., 4 Conn. L. Rptr. 320 (July 31, 1991, Murray, J.); Seymour v. Patterson, 5 CSCR 932 (November 8, 1990, Freed, J.); and Rodriguez v. Bristol HousingAuthority, 9 CSCR 418 (March 16, 1994, Berger, J.).
Motion to strike count one denied. Motion to strike counts two and three granted.