## 24183

STATE of South Carolina, Appellant v. FOUR VIDEO SLOT MACHINES: (1) Serial No. 000063, property of Robin Eugene Weeks, 36 Carolina Drive, Greenville, seized from Endless Challenge, 1106 North Pleasantburg Drive, Greenville, Case No. 91-11379; (2) Serial No. 2752, property of Robin Eugene Weeks, 36 Carolina Drive, Greenville, seized from Endless Challenge, 1106 North Pleasantburg Drive, Greenville, Case No. 91-11379; (3) Serial No A06889, property of Charles Reeves d/b/a Joytime Amusement, 1243 Laurens Road, seized from The Grapevine Lounge, 2714 Wade Hampton Boulevard, Greenville, Case No. 91-11425; (4) Serial No. NONE, property of Jim Briggs d/b/a Gem Amusement Co., seized from Bo-Nat's Grocery, 302 Poinsett Highway, Greenville, Case No. 91-11464, Respondent.

(453 S.E. (2d) 896)

Supreme Court

*Sol. Joseph J. Watson* and *Asst. Circuit Sol. Regan A. Pendleton,* Greenville, *for appellant.*

*Fred Thompson, III,* of *Scardato & Thompson,* and *Gedney Howe, III,* Charleston, *for respondent.*

Heard Mar. 15, 1994.

Decided Jan. 23, 1995; Reh. Den. Feb. 24, 1995.

CHANDLER, Acting Chief Justice:

At issue in this case is whether "Lucky 8 Line" machines are exempt from the provisions of S.C. Code Ann. § 12-21-2710 (Supp. 1993).[1] The Magistrate held the machines in violation of the statute and ordered their destruction. The Circuit Court reversed the Magistrate's finding and the State appeals.

We reverse.

A review of the essential facts reveals that "Lucky 8 Line" is a coin-operated machine with a video display designed to simulate a slot machine. The player inserts money and presses a button. A computer program causes the screens to roll and randomly stop, displaying words and symbols. Certain combinations of symbols earn the player an additional turn. The player has absolutely no control over the combination of words or symbols appearing on the video screen.

The applicable statute, § 12-21-2710, provides, in part:

> It is *unlawful for any person to keep on his premises* or operate or permit to be kept on his premises or operated within this State *any vending or slot machine, punch*

---

[1] We express no opinion as to the impact of 1993 Act No. 164. The 1993 Act was not raised prior to oral argument and we decline to consider it.

*board, pull board, . . .* or other device pertaining to games of chance of whatever name or kind, . . . *but the provisions of this section do not extend to* coin-operated non-payout pin tables, in-line pin games, and *video games with free play* feature. . . .

The Statute exempts three specific types of machines: (1) coin-operated nonpayout pin tables, (2) in-line pin games or (3) video games with free-play feature. The "Lucky 8 Line" machine is clearly a slot machine. *State v. DeAngelis,* 257 S.C. 44, 183 S.E. (2d) 906 (1971). In *DeAngelis,* we recognized that such machines, requiring no skill, were not exempted under the predecessor statute. Respondents assert that inclusion of the phrase "video games with free play feature" in the 1982 amendment to the statute, 1982 Acts No. 466,[2] now renders the "Lucky 8 Line" machines exempt. We disagree.

It is well established that, in interpreting a statute, our sole function is to determine and give effect to the intention of the legislature, with reference to the meaning of the language used and the subject matter and purpose of the statute. *State v. Ramsey,* 311 S.C. 555, 430 S.E. (2d) 511 (1993). Words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. *State v. Blackmon,* 304 S.C. 270, 403 S.E. (2d) 660 (1991).

Here, the General Assembly has declared slot machines unlawful. Respondents' construction of the statute equating the slot machines in question with a "video game with free play feature" is untenable.

Respondents rely upon this Court's opinion in *Powell v. Red Carpet Lounge,* 280 S.C. 142, 311 S.E. (2d) 719 (1984), to reach a contrary result. Reliance on *Powell* is misplaced. In *Powell,* the predecessor statute, § 52-15-10, exempted "coin-operated nonpayout *pin* tables with free play feature," whereas a criminal statute, § 16-19-60 exempted "coin-operated nonpayout *machines* with free play feature." Construing the statutes *in pari materia,* the Court equated the coin-operated poker *machines* in question with coin-operated *pin* tables, to declare them legal. The *Powell* Court noted, additionally, that a 1982

---

[2] The state was formerly codified as S.C. Code Ann. § 52-15-10 (1976). It was rewritten and recodified as § 12-21-2710. 1986 Act No. 308, § 4.

amendment to § 52-15-10 exempting *video games* with free-play feature clearly rendered the coin-operated video poker machines legal.

Exemption of the machines in Powell does not exempt any and *all* coin-operated nonpayout machines and all video games with free-play feature. To the contrary, the legislature has specifically declared slot machines illegal in the same paragraph in which it has declared "video games with free play feature" exempt. S.C. Code § 12-21-2710. Under the doctrine of *ejusdem generis*, the meaning of general words (video games), may be restricted by words of specification which precede them (slot machines) on the theory that, had the legislature intended the general words be used in their unrestricted sense, there would have been no mention of the particular class. *State v. Patterson*, 261 S.C. 362, 200 S.E. (2d) 68 (1973).

The Lucky 8 slot machines are clearly prohibited by § 12-21-2710; accordingly, the judgment below is

Reversed.

MOORE, J., and GEORGE T. GREGORY, JR., Acting Associate Justice, concur.

FINNEY, and TOAL, JJ., dissenting in separate opinion.

FINNEY, Justice:

I respectfully dissent. In my opinion, the majority misconstrues S.C. Code Ann. § 12-21-2710 (Supp. 1993) and *Powell v. Red Carpet Lounge*, 280 S.C. 142, 311 S.E. (2d) 719 (1984). I would affirm the circuit court's conclusion that possession of "Lucky 8 Line" machines is not unlawful.

Under § 12-21-2710, it is unlawful to possess "[a]ny vending or *slot machine*, punch board, pull board, or other device pertaining to games of chance. . . ." (Emphasis added.) The statute then goes on to exempt from its general prohibitions four different types of machines including "video games with free play features." *Id.* Since § 12-21-2710 is a penal statute, it must be strictly construed against the State and in favor of respondents. *State v. Blackmon*, 304 S.C. 270, 403 S.E. (2d) 600 (1991).

I agree with the majority that "Lucky 8 Line" is a slot machine within the meaning of § 12-21-2710, not because it re-

sembles a Las Vegas-style slot machine nor because it requires no skill to play, but because it is "a machine whose operation is begun by dropping a coin into a slot." *Webster's New Collegiate Dictionary* 1094 (5th ed. 1974); *State v. Blackmon, supra* (words in a statute are given their plain and ordinary meaning); *Ingram v. Bearden,* 212 S.C. 399, 47 S.E. (2d) 833 (1948) (slot machine is one operated by deposit of a coin or thing of value) (Baker and Taylor, JJ, dissenting); *Alexander v. Martin,* 192 S.C. 176, 6 S.E. (2d) 20 (1939) (pinball machine is a slot machine); *cf., State v. DeAngelis,* 257 S.C. 44, 183 S.E. (2d) 906 (1971) (whether a "one-armed bandit is a slot machine is a question of fact for the jury").

As the majority recognizes, it is well-settled that the second phrase of the statute's first paragraph creates exemptions for machines otherwise prohibited by that paragraph's first phrase. § 12-21-2710. *See e.g., Alexander Amusement Co. v. State,* 246 S.C. 530, 144 S.E. (2d) 718 (1965); *Alexander v. Martin, supra.* Despite this acknowledgement, the majority holds it would be untenable to believe a "Lucky 8 Line" slot machine is exempt as a "video game with free play feature," relying on the doctrine of *ejusdem generis.* I disagree. First, as applied by the majority, this doctrine would eliminate *all* the exemptions in § 12-21-2710. Second, since the general term in § 12-21-2710 is "slot machine," and the more specific term "video game with free play feature" follows this general term, *ejusdem generis* is simply inapplicable here. "Lucky 8 Line" is an exempt video slot machine under § 12-21-2710.

Even if the machine were not exempt under § 12-21-2710, its possession would not be unlawful under our decision in *Powell v. Red Carpet Lounge, supra.* The State concedes "Lucky 8 Line" is a coin-operated nonpayout machine with a free-play feature under S.C. Code Ann. § 16-19-60 (Supp. 1993). This statute exempts these machines from the criminal provisions of S.C. Code Ann. §§ 16-19-40 and -50 (1985). In *Powell,* we held certain machines legal because they met the statutory exception of § 16-19-60 as "coin-operated nonpayout *machines* with free play features" even though they were not exempt under an earlier version of § 12-21-2710 which exempted only "coin-operated nonpayout *pin tables* with free play feature." In construing the statute *in pari materia,* the *Powell* Court did not equate two very different statutory pro-

visions, but rather held a machine exempt under either § 16-19-60 or § 12-21-2710 could not be prohibited under the other section. Under *Powell,* "Lucky 8 Line" machines are not subject to seizure and destruction.

Possession of the machines is lawful under § 12-21-2710. Even if this were not so, possession of "Lucky 8 Line" machines is legal under § 16-19-60. *Powell, supra.* I would affirm.

TOAL, J., concurs.