[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case presents the issue of whether a pharmacist is a "health care provider" within the meaning of General Statutes §§ 52-184c or 52-190a. The plaintiff, Erwin Shaw, alleges in an amended complaint dated January 26, 1994, that he was given a prescription for the drug Ceftin by his physician; that he informed "his pharmacist, Carlo Simonelli," a defendant in this action and an employee of the named defendant, Caldor, Inc., that CT Page 1409-C he was allergic to Ceftin; that thereafter his physician prescribed the drugs Cipro and Tylox, but on or about March 9, 1993, Simonelli failed to properly fill the prescription for Cipro by filing the prescription with Ceftin; and that as a result thereof, on or about March 11, 1993, the plaintiff became very ill. The plaintiff alleges in the first count of his complaint that his injuries were caused by the "carelessness and negligence" of Simonelli. The defendant Simonelli's conduct is further described as reckless and wanton in the second count.
The defendant Simonelli has filed a motion (#106) to strike the first and second counts of the plaintiff's amended complaint on the ground that they fail to state a claim upon which relief can be granted because the plaintiff has failed to allege that Simonelli's conduct breached the prevailing standard of care, General Statutes § 52-184c, and has not attached a good faith certificate pursuant to General Statutes § 52-190a. The plaintiff, in response to the motion to strike, contends that Simonelli is not a health care provider within the meaning of those two statutes, and furthermore, the complaint does not allege medical malpractice, but instead alleges negligence and CT Page 1409-D recklessness. Therefore, the plaintiff contends that an allegation regarding the prevailing standard of care, and the attachment of a certificate of good faith are not required.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.CT Page 1409-EBOC Group, Inc., supra, 224 Conn. 215.
The absence of a good faith certificate from a complaint, where a certificate is required, renders the complaint subject to a motion to strike for failure to state a claim upon which relief can be granted. LeConche v. Elligers, 215 Conn. 701, 711,579 A.2d 1 (1990).
General Statutes § 52-184c(a)[1] provides that in a suit claiming negligence by a health care provider, the plaintiff must prove that such provider breached the prevailing standard of care. General Statutes § 52-190a(a)[2] provides that in bringing a negligence action against a health care provider, a good faith certificate must be attached attesting to the good faith of the plaintiff or his attorney "that grounds exist" for such suit. "The general purpose of § 52-190a is to discourage the filing of baseless law suits against health care providers." (Internal quotation marks omitted.) Gabrielle v. Hospital of St.Raphael, 33 Conn. App. 378, 383, 635 A.2d 1232 (1994).
General Statutes § 52-184c(a) and § 52-190a(a) rely CT Page 1409-F on the definition of "health care provider" that is provided in § 52-184b(a) which states "[f]or the purposes of this section, `health care provider' means any person, corporation, facility or institution licensed by the state to provide health care or professional services, or an officer, employee or agent thereof acting in the course and scope of his employment."
A "pharmacist" is defined as "a person licensed by the Commission of Pharmacy to practice the profession of pharmacy." General Statutes § 20-184a; see also General Statutes §20-170. The "practice of pharmacy" "means the sum total of knowledge, understanding, judgments, procedures, securities, controls and ethics used by a licensed pharmacists to assure optimal safety and accuracy in the compounding, distributing, dispensing and use of drugs, dangerous drugs and poisons." General Statutes § 20-184a.
The legislative histories of General Statutes §§52-184b(a), 52-184c(a) and 52-190a(a) have been reviewed and, unfortunately, do not provide any guidance on whether a pharmacist is a "health care provider." Furthermore, the issue of CT Page 1409-G whether a pharmacist is a "health care provider" has received very limited consideration by the superior courts of Connecticut, and none by any appellate court.
In Carafeno v. Gordon, 9 Conn. L. Rptr. 88 (1993) (Thompson, J.), the court addressed the issue of whether it was necessary for a plaintiff to file a good faith certificate in an action against a pharmacy for failing to warn of drug side effects. The court, upon examining the nature of the plaintiff's claim, held that because expert testimony would be required to establish the existence of a duty to warn and the exercising of professional judgment by the pharmacy would necessarily be involved, the pharmacy was therefore a "health care provider" for purposes of § 52-190a. Id.
Specifically in Carafeno, the pharmacy moved to strike the plaintiff's claim that it breached the duty to warn of the possible side effects of medication on the ground that the plaintiff had failed to file a good faith certificate. The court stated that it was inclined to agree with the pharmacy that its duty was to accurately fill the prescription, and in the absence CT Page 1409-H of special circumstances, it had no duty to warn of the side effects of medication. Id. The court stated that "[t]he question arises, however, as to whether the existence or non-existence of such a duty is within the knowledge of a lay person, or does it require expert testimony as to where such a duty may rest." Id. The court granted the motion to strike, holding that "[i]f the existence of the alleged duty is one which must be resolved through expert opinion, then the pharmacy would be necessarily be exercising professional judgment and would be a `health care provider.' That being the case the absence of the good faith certificate required by § 52-190a renders the case subject to a motion to strike." Id.
A similar analysis was used by the court in Delaney v.Newington Children's Hospital, 9 CSCR 692 (1994) (Wagner, J.), wherein the defendant hospital's motion to strike two counts of the plaintiffs' complaint on the ground that they failed to file a good faith certificate was denied because the plaintiffs' allegations did not rise to the level of a medical malpractice action. Counts one and three of the plaintiffs' complaint alleged that the hospital was negligent, careless and reckless in the CT Page 1409-I supervision and care of the minor plaintiff, who was sexually assaulted by another minor at the hospital, and as a result the plaintiff mother suffered emotional injuries. Id. The hospital moved to strike these counts on the ground that the plaintiffs failed to file a good faith certificate as required by §52-190a. Id. The plaintiffs argued that their allegations sounded in ordinary negligence, rather than medical malpractice, and therefore, a good faith certificate was not necessary. Id. The court held that "there are no esoteric or uniquely medical issue[s] to be determined under the allegations of the complaint and that they do not rise to the level of alleging medical malpractice. Accordingly, a good faith certificate was not required under § 52-190(a)." (Internal quotation marks omitted.) Id., 693; see also Badrigian v. Elmrest PsychiatricInstitute, Inc., 6 Conn. App. 383, 505 A.2d 741 (1986).
Other jurisdictions include a pharmacy, or a pharmacist, within the statutory definition of a "health care provider." SeeClair v. Glades County Board of Commissioners, 635 So.2d 84, 86
(Fla.Dist.Ct.App. 1994); Weinstock v. Groth, 629 So.2d 835,836 n. 2 (Fla. 1993); Auld v. Holly, 418 So.2d 1020, 1022 n. 3 CT Page 1409-J (Fla.Dist.Ct.App. 1982); Dupont v. Doctor's Hospital,369 So.2d 1092, 1094 (La.Ct.App. 1979), cert. denied, 371 So.2d 834
(La. 1979); Everett v. Goldman, 359 So.2d 1256, 1261-62 (La. 1978); Strahler v. St. Luke's Hospital, 706 S.W.2d 7, 8 (Miss. 1986); Bell v. Poplar Bluff Physicians Group, Inc., 879 S.W.2d 618,621 n. 3 (Mo.Ct.App. 1994); Swanigan v. American NationalRed Cross, 438 S.E.2d 251, 254 (S.C. 1993); Estate of Doe v.Vanderbilt University, Inc., 824 F. Sup. 746, 748 (M.D. Tenn. 1993); Burris v. Hospital Corp. of America, 773 S.W.2d 932, 934
(Tenn.Ct.App. 1989); McKee v. American Home Products, Corp.,113 Wash.2d 701, 782 P.2d 1045, 1048 (Wash. 1989); see alsoLasley v. Shrake's Country Club Pharmacy, Inc., 179 Ariz. 583,880 P.2d 1129, 1133 (Ariz.Ct.App. 1994) (imposing a higher standard of care upon pharmacists because "they are professionals in the health care area"); Simmons v. Apex Drug Stores, Inc.,201 Mich. App. 250, 506 N.W.2d 562, 565 (Mich.Ct.App. 1993) (holding that pharmacist were considered health care providers for the purposes of the malpractice statutes). But see Mancuso v.Giant Food, Inc., 327 Md. 344, 609 A.2d 332 (Md. 1992) (holding that, based upon the plain meaning of the statute and legislative intent, pharmacists are not within the definition of health care CT Page 1409-K provider and therefore, they are not subject to mandatory arbitration provisions).
Based on the broad language of our statute defining a health care provider, and the statutory definitions of other jurisdictions, a pharmacist can be rationally included as a health care provider. In this particular case, however, the plaintiff has alleged that the defendant has breached a duty of ordinary care, not a professional standard of care, and, therefore, the action does not require expert testimony, upon which requirement the court in Carafeno based its decision. The facts, viewed in the light most favorable to the plaintiff, are more akin to those in Delaney in which the court decided that there were no uniquely medical issues to be determined. Accordingly, the motion to strike is denied.