20108

Frank X. GREEN, Respondent, v. O. Frank THORNTON, Secretary of State, and C. E. Krampf, of whom C. E. Krampf is, Appellant.

(219 S. E. (2d) 827)

*Messrs. Burroughs, Green, Sasser & Hudson,* of Conway,
*for Appellant,* cite:

*Messrs. Stevens, Stevens & Thomas,* of Loris, *for Respondent,* cite:

November 17, 1975.

NESS, Justice:

Frank Green and other residents of Briarcliffe Acres subdivision petitioned the Secretary of State for a commission for an election on the question of incorporation of Briarcliffe Acres. The area proposed to be incorporated lies between the corporate limits of Myrtle Beach and North Myrtle Beach. The Secretary of State denied the petition.

Green, the respondent, sought summary judgment and a writ of mandamus from the circuit court requiring the Secretary to issue the commission, and joined C. E. Krampf,

who opposed issuance of the commission, as a co-defendant. The circuit judge granted summary judgment and issued the writ ordering issuance of the commission. Krampf appeals from this order. We affirm.

South Carolina Code Section 47-101 requires the petition be "signed by fifty freehold electors thereof, who are freeholders in the precinct in which the proposed town is located . . ." If the petition satisfies this section, the Secretary of State "shall then issue" the commission. South Carolina Code Section 47-102.

Respondent's petition satisfied the statutory requirements. It stated, "We, the below set forth freehold electors residing in the community of Briarcliffe Acres . . ." and contained more than fifty signatures.

Appellant contends Section 47-101 requires the signers of the petition be registered to vote in the precinct in which the proposed town is situate. The circuit judge rejected this argument. He observed precincts in South Carolina are of two varieties. In some counties precincts are polling or voting places of convenience; they are not delineated by geographic boundaries. In other counties precincts are defined by distinct geographical boundaries; they subdivide the county much like school districts.

The precincts in Horry County are designated in the older manner of naming polling places of convenience. They are not designated by geographic boundaries. South Carolina Code Section 23-179 (1974 Cum. Supp.) In a preliminary order the circuit court concluded: "Indeed. it is difficult to comprehend how such a requirement (as urged by Krampf) could be reasonably imposed in a county such as Horry where the boundaries of precincts are exceedingly unclear." We agree with this reasoning.

> The purpose of issuing a commission is to provide for an election on the question of incorporation. In the election "all registered electors living in the area

sought to be incorporated" may vote. South Carolina Code Section 47-102. Thus, the legislature intended to grant the right to vote on incorporation to those electors residing in the proposed town. It would be illogical for them not to be able to cause a commission to issue for the election.

In construing these statutes, our purpose is to ascertain the legislative intent. *State ex rel. Crawford v. Stevens,* 173 S. C. 149, 175 S. E. 213 (1934); *Creamer v. City of Anderson,* 240 S. C. 118, 128, 124 S. E. (2d) 788 (1962). If the legislature had intended the signers of the petition be registered to vote in the precinct to be incorporated, it would have been simple for the statute to have so stated. We hold the circuit judge properly construed the statute.

We interpret Section 47-101 to require the petition ██ be signed by freehold electors residing in the area to be incorporated. The fact some of the petitioners may be registered to vote in an adjacent polling place is of no legal consequence. The petition on its face satisfied the statutory requirements. The Secretary's duty to issue the commission is mandatory and ministerial. The writ of mandamus was properly issued.

Next, Krampf in his answer alleges the petition was false and misleading. He contends these allegations raised factual issues not properly disposed of by summary judgment.

The only issue on the writ of mandamus is whether ██ the petition on its face complied with the statute. His reliance upon *McLeod v. Sandy Island Corporation,* 260 S. C. 209, 195 S. E. (2d) 178 (1973) is misplaced. He contends the mere raising of factual issues absolutely precludes summary judgment. The *McLeod* case does not alter the standard for summary judgment as set forth in Circuit Court Rule 44(c). The factual allegation raised in an answer must be material to the issue for determination in order for the moving party to be deprived of summary judgment. We hold the issues raised by the answer are not

material to the question of whether the petition on its face fulfilled the statutory requirements.

The order of the lower court is affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.