2369

The STATE, Respondent v. Henry H. HENDRIKS and John M. Hendriks, Appellants.

(459 S.E. (2d) 520)

Court of Appeals

■■

*Brian S. Wade*, Pawleys Island, *for appellants*.

*Buford S. Mabry, Jr.* and *James A. Quinn*, of *South Carolina Dept. of Natural Resources*, Charleston, *for respondent*.

Submitted June 6, 1995.

Decided July 3, 1995.

GOOLSBY, Judge:

Henry H. Hendriks and John M. Hendriks were charged and convicted of violating state restrictions on the use of gill nets for shad fishing, set forth in S.C. Code Ann. § 50-17-422 (Supp. 1994). The Hendrikses contend the statute under which they were convicted does not apply to the shad fishing technique they employed and ask this court to construe the meaning of the statute. We affirm.[1]

On March 18, 1993, a South Carolina Department of Natural Resources Enforcement Officer observed the Hendrikses shad fishing with a gill net. He noted the gill net was pulled taut and barely moving and the Hendrikses' boat was drifting approximately three times faster than the gill net. When the Hendrikses pulled the gill net into their boat to retrieve the catch, the officer saw a concrete block attached to the gill net. The officer arrested the Hendrikses for shad fishing with gill nets in violation of state law.

The statute at issue reads, pertinent part, as follows:

> During the open season for taking American shad in state waters of the Atlantic Ocean, all gill nets having a stretch mesh size between four and one half inches and ten inches stretched mesh must be drift fished and may not be staked, anchored, or otherwise set in a fixed position. For the purpose of this section, anchored includes the use of concrete blocks or any other weight which is not a part of the natural construction of the gill net.

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

S.C. Code Ann. § 50-17-422 (Supp. 1994).

The Henrikses argue this statute does not "prohibit the use of a gill net with a weight attached if the net is drift fished and not set in a fixed position." We disagree.

The primary rule of statutory construction is to ascertain and give effect to the legislature's intent or purpose as expressed in the statute. *Green v. Thornton*, 265 S.C. 436, 219 S.E. (2d) 827 (1975); *Alton Newton Evangelistic Ass'n, Inc. v. South Carolina Employment Sec. Comm'n*, 284 S.C. 302, 326 S.E. (2d) 165 (Ct. App. 1985). Also, the legislature's intent should be ascertained primarily from the plain language of the statute. 82 C.J.S. *Statutes* § 322(b), at 571 (1953). Unless a statute requires a different interpretation, the words used in the statute must be given their ordinary meaning. *Hughes v. Edwards*, 265 S.C. 529, 220 S.E. (2d) 231 (1975).

Here, the legislature included plain language in the statute that specifically defines "anchoring" gill nets, which is proscribed by the statute, to include attaching concrete blocks to the natural construction of gill nets. Because the Hendrikses were convicted for precisely this act, we affirm the conviction.

Affirmed.

HOWELL, C.J., and HEARN, J., concur.