THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ephrain Reliford, Jr., Appellant,
v.
Mitsubishi Motors Credit of America, Inc., Respondent.
 
 
 

Appeal From Aiken County
 Rodney A. Peeples, Circuit Court Judge

Unpublished Opinion No. 2004-UP-537
Submitted October 1, 2004  Filed October 
 21, 2004

AFFIRMED

 
 
 
Ephrain Reliford, Jr. of Kershaw, pro se.
Andrew F. Lindemann, of Columbia; and David Austin Brown, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Ephrain Reliford, Jr. appeals a circuit court order granting 
 summary judgment to Mitsubishi Motors Credit of America, Inc.  On appeal, Reliford 
 argues the circuit court erred in denying his Constitutional right to a jury 
 trial by granting summary judgment to Mitsubishi and erred in ruling that his 
 claims were barred by the statute of limitations.  We affirm.
FACTS
In May 1993, Reliford purchased an automobile financed by Mitsubishi.  He was 
 arrested for murder on January 7, 1994 and the Aiken County Sheriffs Department 
 seized the car as evidence a few days later.
Reliford failed to make loan payments to Mitsubishi.  Consequently, Mitsubishi 
 instituted a claim and delivery action against Reliford.  On May 13, 1994, Mitsubishi 
 served him with the summons and complaint.  Reliford was incarcerated at that 
 time.  He did not respond to the claim and delivery action.  The Sheriffs Department 
 released the car to Mitsubishi on May 25, 1994.  Mitsubishi and the Sheriffs 
 Department entered a written stipulation through which they agreed to dismiss 
 the claim and delivery action against Reliford without prejudice.
In November 2002, Reliford brought the present action alleging 
 statute of negligence, bailment, wrongful taking, nuisance, and trover and 
 conversion against Mitsubishi.  Mitsubishi answered, asserting defenses including 
 the statute of limitations.
Reliford made a motion for summary judgment in 
 January 2003.  A hearing was held on the motion, during which the circuit court 
 denied Relifords motion but sua sponte granted summary judgment to Mitsubishi.  

Reliford made a Motion to Alter or Amend pursuant to Rule 59(e), SCRCP. Before 
 the circuit court ruled on his order, Reliford filed a notice of appeal.  In 
 June 2003, the circuit court subsequently issued an order partially granting 
 and denying Relifords Rule 59(e) motion.  This court later found that the circuit 
 court order was entered without jurisdiction.
LAW/ANALYSIS 
I.       Statute of Limitations
The gravamen of Relifords appeal is his contention that the circuit court 
 erred in finding that his action was barred by the statute of limitations.  
 We disagree.
Reliford concedes that the underlying cause of action in the present case is 
 subject to a three-year statute of limitations.  At the time this cause of action 
 arose, S.C. Code Ann. § 15-3-40 (1976) tolled the three-year statute of limitations 
 for persons under disability.  Subsection (3) of this statute provided that 
 such persons under disability included those [i]mprisoned on a criminal or 
 civil charge or in execution under the sentence of a sentence of a criminal 
 court for a less term than his natural life . 
 [1]   Id.  However, [t]he time of such disability is not part of 
 the time limited for the commencement of the action, except the period within 
 which the action must be brought cannot be extended by: (1) [m]ore than five 
 years by any such disability, except infancy; nor (2) [i]n any case longer than 
 one year after the disability ceases.  Id.
Here, Relifords causes of action undisputedly arose 
 in May of 1994 when he was served with Mitsubishis claim and delivery action. 
 [2]   However, Reliford maintains pursuant to the discovery rule that 
 the statute of limitations did not begin running until well after May 1994, 
 such that this action would be timely.  We find this argument unavailing.  Reliford 
 was clearly on notice not later than May of 1994 when he admittedly received 
 the summons and complaint in the claim and delivery action in which Mitsubishi 
 sought immediate seizure and permanent possession of Relifords car.  This 
 knowledge clearly provided reasonable notice to Reliford that possession of 
 his car, and possibly its contents, would be transferred to Mitsubishi.  From 
 an objective standpoint, if Mitsubishis possession of the car were wrongful, 
 a reasonable person would have been on notice of a potential claim in May of 
 1994.  Thus, we find that, at the latest, Relifords statute of limitations 
 began running in May of 1994.  See Young v. South Carolina Dept of 
 Corr., 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct. App. 1999) (Finding that 
 under the discovery rule, whether the particular plaintiff actually knew he 
 had a claim is not the test; rather, courts must objectively determine whether 
 the circumstances of the case would put a person of common knowledge and experience 
 on notice that some right of his has been invaded, or that some claim against 
 another party might exist).  Even allowing the maximum five-year period of tolling 
 allowed by S.C. Code Ann. § 15-3-40 (1976), followed by the three-year statute 
 of limitations, we find that the time Reliford had to bring the present action 
 expired on May 13, 2002.  Because he did not bring the present action until 
 November 2002, we find as a matter of law that the applicable statute of limitations 
 barred his action.
II.      Constitutional Violation
Reliford next argues that the circuit court erred in denying his Constitutional 
 right to a jury trial by sua sponte granting summary judgment to Mitsubishi.  
 However, the issue of Relifords Constitutional rights was not raised to the 
 circuit court in the summary judgment hearing nor was it later raised in Relifords 
 Motion to Alter or Amend made pursuant to Rule 59(e), SCRCP. 
 [3]   Thus, the issue is not preserved for appellate review.  See 
 State v. Adams, 354 S.C. 361, 380, 580 S.E.2d 785, 795 (Ct. App. 2003) 
 (Arguments not raised to or ruled upon by the trial court are not preserved 
 for appellate review);  State v. Varvil, 338 S.C. 335, 339, 526 S.E.2d 
 248, 250 (Ct. App. 2000) (Constitutional arguments are no exception to the 
 rule, and if not raised to the trial court are deemed waived on appeal).  
III.    Denial of Motion for Summary Judgment
Last, Reliford argues that the circuit court erred in denying his motion for 
 summary judgment.  However, it is well settled law in South Carolina that the 
 denial of a motion for summary judgment is not appealable, even after final 
 judgment.  Olson v. Faculty House of Carolina, Inc., 354 S.C. 161, 168, 
 580 S.E.2d 440, 444 (2003).  Accordingly, we find the issue of the circuit courts 
 alleged error in denying Relifords summary judgment motion is not appealable.  
 In any event, Mitsubishis entitlement to summary judgment renders moot the 
 challenge to the denial of Relifords motion for summary judgment.
AFFIRMED.
HEARN, C.J., HUFF and KITTREDGE, JJ., concur.

 
 [1]        A 1996 amendment 
 removed subsection (3) from S.C. Code Ann. § 15-3-40, among other changes. 
 

 
 [2]        The car was seized 
 by the Sheriffs Department in January 1994, shortly after Relifords arrest.

 
 [3]        Significantly, 
 the precise issue of the circuit court granting relief to a party that did 
 not request such relief is not before us.