THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Rodriques Montez Pickens, Appellant.
 
 
 

Appeal From Anderson County
 J. C. Buddy Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-583
Submitted September 1, 2005  Filed November 16, 2005    

AFFIRMED

 
 
 
 Joenathan Shelly Chaplin, of Columbia, for Appellant.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, of Columbia, and Druanne Dykes White, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Rodriques MontezPickens appeals his conviction for trafficking crack cocaine, arguing the trial court erred (1) in failing to suppress crack cocaine that he contends was seized in violation of the Fourth Amendment, (2) in charging the jury regarding constructive possession and knowledge, and (3) in allowing the State to introduce evidence that improperly commented on his character.  None of Pickens arguments are preserved for appellate review. 
FACTS
On August 29, 2002, the Anderson County Sherrifs Office received a complaint that the driver of a black Lincoln Town car may be selling drugs in a neighborhood in Anderson County.  As a result, police officer Donnie Blassingame patrolled the neighborhood looking for a black Lincoln Town car.  Two other members of the department, Matthew Durham and Rodney Harbin, were in the same area and radioed to inform Blassingame they had spotted the car and followed it for several blocks.  
Blassingame then caught sight of the car and recognized the driver as Pickens.  Blassingame informed Durham that Pickens did not possess a valid drivers license, and Durham called dispatch to confirm Pickens did not have a valid drivers license.  Blassingame attempted to follow Pickens, but lost sight of him.  Later, Durham and Harbin saw the car parked in front of Boldens Shop, an auto repair shop.  Durham saw Pickens get out of the car and open the hood.  Someone came out of the shop and looked under the hood with Pickens, then Pickens started walking across the four-lane highway in the direction of a restaurant.  
Dispatch informed the officers Pickens did not have a drivers license, so Durham and Harbin initiated contact with Pickens.  When prompted by the officers questions, Pickens admitted he had been driving the car and did not possess a drivers license, so the officers arrested Pickens for driving without a license.  When asked for a vehicle registration card, Pickens indicted he was driving his mothers car but there might be a registration card in the car.  The officers escorted Pickens across the street to the auto repair shop where the car was parked.   The keys were still in the ignition, but the car was locked.  The car was equipped with a keypad entry system, but Pickens stated he did not know the code.  Durham played around with the keypad, and the door opened.  Durham searched the car and found 91.88 grams of crack cocaine and scales in a shoe bag under the drivers seat.  When Blassingame arrived on the scene he conducted an inventory search of the car because the officers had the car towed away and impounded.  
Pickens was charged with trafficking crack cocaine.  A jury found him guilty, and he was sentenced to eighteen years incarceration.  This appeal followed.  
 LAW/ANALYSIS  
Pickens argues the trial court erred in failing to suppress the crack cocaine that he contends was seized in violation of the Fourth Amendment of the United States Constitution. We find this issue is not preserved for our review. 
In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal.  State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003).  Constitutional arguments are no exception to the rule, and if not raised to the trial court are deemed waived on appeal.  State v. Varvil, 338 S.C. 335, 339, 526 S.E.2d 248, 250 (Ct. App. 2000).
 
Prior to the start of his trial, Pickens made a motion to exclude the crack cocaine the officers seized from the car.  Pickens argued the search was conducted without a warrant and was not a valid search incident to arrest.  The State argued the officers conducted a valid inventory search which would have led to the inevitable discovery of the crack cocaine regardless of whether the search incident to arrest was valid.  In response, Pickens counsel stated, I dont take any issue with the inventory.  When the trial court questioned Pickens counsel regarding the inevitable discovery issue, he stated, [T] hose issues will be developed with the testimony.  My objection was to the search incident to arrest.  The trial court denied the motion to suppress on the basis the inventory search was valid and did not rule on the legality of the search incident to arrest.  When the State sought to admit the crack cocaine into evidence at trial, Pickens attorney acknowledged that he had no objection.  
Pickens argument on appeal that the inventory search was illegal is not preserved because he never raised the issue to the trial judge.  Dunbar, 356 S.C. at 142, 587 S.E.2d at 693-94 (Issues not raised and ruled upon in the trial court will not be considered on appeal.)  Additionally, although Pickens argued the search incident to arrest was invalid during the in limine hearing, he did not object when the crack cocaine was introduced into evidence.  Therefore, this issue is not preserved for appellate review.  State v. Mueller, 319 S.C. 266, 268, 460 S.E.2d 409, 410 (Ct. App. 1995) (Because the evidence developed during trial may warrant a change in the ruling, the losing party must renew his objection at trial when the evidence is presented in order to preserve the issue for appeal.) 
Pickens argues the trial courts jury charge on constructive possession failed to adequately instruct the jury regarding the States burden to prove Pickens had knowledge the crack cocaine was concealed in the car.  This issue is not preserved for review.  
After the trial judge gave the charge, he excused the jury and asked Pickens if he had any objections.  Pickens attorney responded, I have no additions or exceptions your honor.  Because Pickens failed to make any objection to the jury charge, we find the adequacy of the instruction is not preserved for our review.  State v. Avery, 333 S.C. 284, 296, 509 S.E.2d 476, 483 (1999) (holding a jury charge is not preserved for appellate review unless the party objects); see also Rule 20(b), SCRCP (Notwithstanding any request for legal instructions, the parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires, but out of the hearing of the jury. Any objection shall state distinctly the matter objected to and the grounds for objection. Failure to object in accordance with this rule shall constitute a waiver of objection.)    
Pickens argues the trial court erred in allowing the State to introduce evidence that improperly commented on his character.  This issue is not preserved for our review.  
At trial, Blassingame testified he was working the R Street neighborhood in Anderson due to a complaint we received from citizens of some unknown activities during the mornings, evenings, and late at night.  Pickens objected on the ground the testimony was hearsay, but the trial judge overruled the objection.  The next witness, Durham, testified that he and Harbin were investigating complaints about a drug house located on R Street . . . we had talked to several people about the traffic going in and out all hours of the night.  The trial judge overruled Pickens hearsay objection.  Durham continued his testimony as follows:  

 We talked to one neighbor who lived right in front of it.  Gave us a couple of tags on some vehicles they had observed coming in and out and staying short times.  And one of them was a Lincoln that was occupied by a black male that supposedly came to the residence, would stay only a few minutes and get back in the car and leave.  

Pickens once again objected to the testimony on the basis that it was hearsay.  The trial judge sustained the objection, ruling the statement was hearsay that went far beyond explaining why the officers were investigating the area.  Pickens did not make a motion to strike or request a curative instruction.  Durham then testified the house he was investigating was a house where crack cocaine was being sold out of.  Pickens objected, and the trial judge sustained the objection and instructed the jury to disregard the statement.  
On appeal, Pickens argues the aforementioned testimony, when taken together, constituted an improper comment on his character because the statements identified him, as the driver of the Lincoln Town car, as a suspected drug dealer.  However, Pickens did not object to the testimony on that ground at trial.  Therefore, this issue is not preserved for review on appeal.  State v. McCray, 332 S.C. 536, 542, 506 S.E.2d 301, 303 (1998) (holding a party cannot argue one ground at trial and another on appeal).  Accordingly, Pickens conviction is 
AFFIRMED.
GOOLSBY, ANDERSON, and SHORT, JJ., concur.