681 S.E.2d 620

**The STATE, Respondent,**

v.

**Marion Wayne OGLESBY, Appellant.**

**No. 4584.**

Court of Appeals of South Carolina.

Heard June 10, 2009.

Decided July 7, 2009.

Hemphill P. Pride, II, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, all, of Columbia; and Solicitor Kevin S. Brackett, of York, for Respondent.

WILLIAMS, J.

In this criminal case, Marion Wayne Oglesby argues the trial court erred in refusing to suppress evidence. We affirm.

## FACTS

A confidential informant (the CI) met with law enforcement officers in Clover, South Carolina for the purpose of making a controlled purchase of crack cocaine from Oglesby. The CI called Oglesby to purchase fifty dollars worth of crack cocaine. An electronic listening device (the wire) was inserted in the lining of the CI's purse. The CI and Oglesby met at a location within half a mile of a community park. The CI gave Oglesby fifty dollars, and Oglesby gave the CI 0.41 grams of crack cocaine. Oglesby was charged with distribution of crack cocaine and distribution of crack cocaine within the proximity of a public park or playground.

During the trial, the State introduced the recording recovered from the wire. Oglesby objected to the entire recording, arguing segments of the recording were inaudible and the audible portions could be taken out of context. The trial court admitted the recording into evidence and allowed the jury to hear it. Oglesby was found guilty of both charges. The trial court sentenced Oglesby to twelve years imprisonment for each charge, the sentences to run concurrent. This appeal followed.

## STANDARD OF REVIEW

Generally, the conduct of a criminal trial is left largely to the sound discretion of the trial court, and this court will not interfere unless it clearly appears the rights of the complaining party were abused or prejudiced in some way. *State v. Bridges*, 278 S.C. 447, 448, 298 S.E.2d 212, 212 (1982). As such, an appellate court sits to review errors of law only, and we are bound by the trial court's factual determinations unless they are clearly erroneous. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).

## LAW/ANALYSIS

Oglesby contends the trial court committed reversible error in denying his motion to suppress the recording in violation of his right to completeness based on Rule 106, SCRE. Specifically, Oglesby argues the whole recording, including the audible and inaudible portions, should have been excluded. We disagree.

■ Initially, the State argues Oglesby's argument is not preserved for review. We disagree. During the pretrial hearing, Oglesby asked the trial court to exclude the recording because the audible portions could be taken out of context due to the fact the other portions of the recording were inaudible. Rule 106, SCRE, states, "When a . . . recorded statement, or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other . . . recorded statement which ought in fairness to be considered contemporaneously with it." The South Carolina Supreme Court has explained that Rule 106 is based on the rule of completeness and attempts to avoid the unfairness inherent in the misleading impression created by taking matters out of context. *State v. Cabrera–Pena*, 361 S.C. 372, 379, 605 S.E.2d 522, 525 (2004). As such, Oglesby raised this ground to the trial court even though he failed to specifically cite to Rule 106, SCRE. *See Pryor v. Nw. Apartments, Ltd.*, 321 S.C. 524, 528 n. 2, 469 S.E.2d 630, 633 n. 2 (Ct.App.1996) (finding an issue preserved when the trial court implicitly ruled on and rejected the respondent's argument). The argument was raised to and ruled upon by the trial court, and we consider it preserved for review. *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."). Having determined the issue is properly before us, we now turn to the merits of Oglesby's argument.

■ The admission of evidence is within the sound discretion of the trial court. *State v. Pittman*, 373 S.C. 527, 577, 647 S.E.2d 144, 170 (2007). To constitute an abuse of discretion, the conclusions of the trial court must lack evidentiary support or be controlled by an error of law. *Id.* Additionally, the admission of improper evidence is deemed harmless if it is merely cumulative to other evidence. *State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978).

■ When interpreting a court rule, an appellate court applies the same rules of construction used in interpreting statutes. *State v. Brown*, 344 S.C. 302, 307, 543 S.E.2d 568, 570 (Ct.App.2001). Thus, the language of a rule must be given

its plain and ordinary meaning without resort to subtle or forced construction to limit or expand the rule. *Id.*

As it relates to this case, Rule 106, SCRE, stands for the proposition that when a part of a recorded statement is introduced, the opposing party may require the admission of other portions to ensure the partial statements are not taken out of context. *Cabrera–Pena,* 361 S.C. at 379, 605 S.E.2d at 525. However, only that portion of the remainder of any statement which explains or clarifies the previously admitted portion should be allowed into evidence. *Id.* Rule 106, SCRE, seeks to avoid the unfairness inherent in the misleading impression created by taking a conversation out of context. *Id.*

In the present case, pursuant to Rule 106, SCRE, Oglesby was entitled to introduce the remainder of the recording so long as it was relevant to the portions of the recording the State introduced. Oglesby was not precluded from explaining the context of the recording. Rather, Oglesby argued the entire recording should be suppressed because of certain inaudible portions. According to Oglesby's reasoning, any time a portion of a recording is inaudible due to any interference, the entire recording should be excluded despite the quality of the remaining portion of the recording. We do not believe this was the purpose of Rule 106, SCRE. *See U.S. v. Stone,* 960 F.2d 426, 436 (5th Cir.1992) (holding poor quality and partial unintelligibility do not render recordings from an electronic listening device between an undercover government agent and a defendant inadmissible unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy).[1]

## CONCLUSION

Accordingly, the trial court's decision is
**AFFIRMED.**

SHORT and LOCKEMY, JJ., concur.

---

1. Two other issues were raised by Oglesby in his brief but were abandoned at oral arguments; thus, we do not address them. *See Wright v. Strickland,* 306 S.C. 187, 188, 410 S.E.2d 596, 597 (Ct.App. 1991) (not addressing an issue which was abandoned at oral arguments).