THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Theodore Cobbs, Appellant.
 
 
 

Appeal From Charleston County
 J.C. Buddy Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-355
Heard April 7, 2011  Filed June 30, 2011 

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney
 General Christina J. Catoe, Assistant Attorney General Mark R. Farthing, all of Columbia; Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  In Theodore Cobbs' trial on multiple counts of sexual assault against two of his stepchildren, the State sought to explain why the
victims did not reveal the crimes for thirteen years by arguing that Cobbs kept the victims isolated and controlled every aspect of their lives.  Cobbs
attempted to counter the State's argument by offering into evidence a compilation of home video clips which Cobbs contends refuted the argument of
control.  The trial court excluded the video compilation under Rules 1002 and 1003, SCRE.  Cobbs was convicted of four counts of first-degree criminal
sexual conduct on a minor, seven counts of second-degree criminal sexual conduct on a minor, and two counts of unlawful conduct toward a child.  Cobbs
appeals his convictions claiming the trial court erred in excluding the video compilation.  We find that even if the trial court erred in excluding the
evidence, the error was harmless.          
Multiple witnesses testified to the same facts and circumstances shown in the video clips, and to that extent the video compilation was cumulative. 
Though some of the video clips might add an element to the testimony not otherwise available to the jury, that element was not altogether helpful to Cobbs. 
After a detailed examination of all scenes in the video compilation, we find that some of the clips support the argument of control just as strongly as other
clips tend to refute the argument.  We further find that the admission of those portions which tend to refute the argument of control could not reasonably
have affected the outcome of the trial.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Byers, Op. No. 26976
(S.C. Sup. Ct. filed May 23, 2011) (Shearouse Adv. Sh. No. 17 at 19) ("To warrant reversal based on [an erroneous evidentiary ruling], the complaining
party must prove resulting prejudice."); State v. Reeves, 301 S.C. 191, 194, 391 S.E.2d 241, 243 (1990) ("Error is harmless when it could not
reasonably have affected the result of the trial."); State v. Oglesby, 384 S.C. 289, 293, 681 S.E.2d 620, 622 (Ct. App. 2009) (finding an error in
the admission of evidence is harmless if the evidence is merely cumulative). 
AFFIRMED.
FEW, C.J., PIEPER, and LOCKEMY, JJ., concur.