**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

David Rhoad, Appellant.

Appellate Case No. 2011-202989

Appeal From Aiken County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-242
Heard May 8, 2013 – Filed June 12, 2013

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., of Columbia, for Respondent.

**PER CURIAM:** David Rhoad appeals his conviction for criminal domestic violence, arguing the circuit court erred in denying his motion for a mistrial after the State made an inflammatory comment to the jury during closing arguments.

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *In re McCracken*, 346 S.C. 87, 93, 551 S.E.2d 235, 238-39 (2001) (finding issue of improper comments during closing arguments was not preserved for review absent a contemporaneous objection); *State v. Lynn*, 277 S.C. 222, 226, 284 S.E.2d 786, 789 (1981) (stating the failure to contemporaneously object to comments advanced as prejudicial cannot later be bootstrapped to a motion for a mistrial); *State v. Passmore*, 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct. App. 2005) (instructing that the general rule of issue preservation requires an issue to be raised and ruled upon below to be considered on appeal); *State v. Walker*, 366 S.C. 643, 660, 623 S.E.2d 122, 131 (Ct. App. 2005) (holding defendant's failure to contemporaneously object to comments by co-defendant's counsel during closing argument precluded appellate review); *State v. Varvil*, 338 S.C. 335, 339, 526 S.E.2d 248, 251 (Ct. App. 2000) (holding failure to object to solicitor's interjection of her personal beliefs during closing argument prevented issue from being raised on appeal).

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**