**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Tyrik Gerard Bright, Appellant.

Appellate Case No. 2013-001354

———————

Appeal From Aiken County
J. Derham Cole, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-222
Submitted April 1, 2015 – Filed May 6, 2015

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

———————

**PER CURIAM:**  Tyrik Gerard Bright appeals his conviction and sentence to twelve-years' imprisonment for second-degree burglary.  On appeal, Bright argues

the trial court erred in allowing the testimonies of Mary Wolf and Detective Keith Glover into evidence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Wolf's testimony: *State v. Oglesby*, 384 S.C. 289, 292, 681 S.E.2d 620, 622 (Ct. App. 2009) ("Generally, the conduct of a criminal trial is left largely to the sound discretion of the trial court, and this court will not interfere unless it clearly appears the rights of the complaining party were abused or prejudiced in some way."); *id*. ("As such, an appellate court sits to review errors of law only, and we are bound by the trial court's factual determinations unless they are clearly erroneous."); *id*. at 293, 681 S.E.2d at 622 ("The admission of evidence is within the sound discretion of the trial court."); *id*. ("To constitute an abuse of discretion, the conclusions of the trial court must lack evidentiary support or be controlled by an error of law."); *State v. Fletcher*, 379 S.C. 17, 23, 664 S.E.2d 480, 483 (2008) ("Under Rule 404(b), SCRE, evidence of other crimes, wrongs, or acts is generally not admissible to prove the defendant's guilt for the crime charged."); *id*. ("To be admissible, the bad act must logically relate to the crime with which the defendant has been charged. If the defendant was not convicted of the prior crime, evidence of the prior bad act must be clear and convincing."); *id*. ("Even if prior bad act evidence is clear and convincing and falls within an exception, it must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant."); *id*. at 24, 664 S.E.2d at 483 ("The determination of the prejudicial effect of the evidence must be based on the entire record and the result will generally turn on the facts of each case."); *State v. Varvil*, 338 S.C. 335, 339, 526 S.E.2d 248, 250 (Ct. App. 2000) (stating constitutional issues must be raised to and ruled on by the trial court to be preserved for appeal).

2. As to Detective Glover's testimony: *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); *id*. ("We review a trial court's decision regarding Rule 403, [SCRE,] pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment."); *id*. ("All relevant evidence is admissible."); *id*. ("Under Rule 401, SCRE, evidence is relevant if it has a direct bearing upon and tends to establish or make more or less probable the matter in controversy."); *State v. Cooley*, 342 S.C. 63, 69, 536 S.E.2d 666, 669 (2000) ("However, although evidence is relevant, it should be excluded where the danger of unfair prejudice substantially outweighs its probative value."); *State v. Dickerson*, 341 S.C. 391, 400, 535 S.E.2d 119, 123 (2000) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis."); *State v.*

*Funderburke*, 251 S.C. 536, 540, 164 S.E.2d 309, 311 (1968) ("Cumulative evidence has repeatedly been defined to be additional evidence of the same kind to the same point."); *Varvil*, 338 S.C. at 339, 526 S.E.2d at 250 (stating constitutional issues must be raised to and ruled on by the trial court to be preserved for appeal).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.