**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Timothy George Hobart, Appellant.

Appellate Case No. 2014-001052

---

Appeal From Spartanburg County
R. Knox McMahon, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-372
Submitted May 1, 2016 – Filed July 20, 2016

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Varvil*, 338 S.C. 335, 340, 526 S.E.2d 248, 251 (Ct. App. 2000) ("A trial court's ruling on the admissibility of evidence is within the court's sound

discretion and will not be disturbed absent prejudicial abuse of discretion."); *State v. Colden*, 372 S.C. 428, 435, 641 S.E.2d 912, 917 (Ct. App. 2007) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Gray*, 408 S.C. 601, 609-10, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative' means '[t]ending to prove or disprove.'" (alteration by court) (quoting *Probative*, *Black's Law Dictionary* (9th ed. 2009))); *id.* at 610, 759 S.E.2d at 165 ("'Probative value' is the measure of the importance of that tendency to the outcome of a case.  It is the weight that a piece of relevant evidence will carry in helping the trier of fact decide the issues."); S.C. Code Ann. § 16-11-510 (2015) ("It is unlawful for a person to wilfully and maliciously cut, shoot, maim, wound, or otherwise injure or destroy any horse, mule, cattle, hog, sheep, goat, or any other kind, class, article, or description of personal property, or the goods and chattels of another."); *Willful*, *Black's Law Dictionary* (10th ed. 2014) (defining "willful" as "[v]oluntary and intentional, but not necessarily malicious"); *Malicious*, *Black's Law Dictionary* (10th ed. 2014) (defining "malicious" as "[s]ubstantially certain to cause injury" or "[w]ithout just cause or excuse"); *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.