**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Robert Isiah Graham, Appellant.

Appellate Case No. 2016-000425

---

Appeal From Chester County
Brian M. Gibbons, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-289
Heard April 2, 2019 – Filed August 14, 2019

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Laura R. Baer, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

---

**PER CURIAM:** In this criminal appeal, Robert Isaiah Graham appeals his sentence of forty-five years' imprisonment imposed by the circuit court after

Graham pled guilty to murder as a juvenile offender. On appeal, Graham argues the sentence imposed by the circuit court constitutes a de facto life sentence without the possibility of parole (LWOP), which violates the Eighth Amendment's prohibition of cruel and unusual punishments.[1] We affirm.

When considering whether a sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments, the appellate court's standard of review extends only to the correction of errors of law. *See State v. Perez*, 423 S.C. 491, 496, 816 S.E.2d 550, 553 (2018). Therefore, this court will not disturb the circuit court's findings absent a manifest abuse of discretion. *Id.* An abuse of discretion occurs when the circuit court's finding is based on an error of law or grounded in factual conclusions without evidentiary support. *Id.* at 496–97, 816 S.E.2d at 553; *State v. Johnson*, 413 S.C. 458, 466, 776 S.E.2d 367, 371 (2015).

The Eighth Amendment to the United States Constitution mandates: "Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted*." U.S. Const. amend. VIII (emphasis added). The incorporated prohibition against "cruel and unusual punishments" safeguards an individual's right to protection from excessive sanctions, highlighting the essential principle that courts must consider "the human attributes even of those who have committed serious crimes." *Graham v. Florida*, 560 U.S. 48, 59 (2010). In this vein, sentences that are grossly out of proportion to the severity of the crime are unconstitutional. *See id.* at 59–60. In applying this principle to juvenile offenders, the United States Supreme Court has incrementally established parameters to ensure proportional juvenile sentences. *See Roper v. Simmons*, 543 U.S. 551 (2005) (holding the death penalty was a disproportionate punishment for an offender who was under the age of eighteen at the time of the crime because developmental differences between juveniles and adults resulted in diminished culpability); *Graham*, 560 U.S. at 59, 74 (holding the Eighth Amendment

---

[1] Graham additionally asserts on appeal that this court should find his sentence violates the South Carolina Constitution's prohibition on cruel and unusual punishment. Because Graham never raised any constitutional argument based on a violation of the South Carolina Constitution to the circuit court, we find this argument is not preserved for appellate review. *See State v. Walker*, 366 S.C. 643, 660, 623 S.E.2d 122, 130 (Ct. App. 2005) ("An issue may not be raised for the first time on appeal, but must have been raised to the [circuit court] to be preserved for appellate review."); *State v. Varvil*, 338 S.C. 335, 339, 526 S.E.2d 248, 250 (Ct. App. 2000) ("Constitutional arguments are no exception to the rule, and if not raised to the [circuit] court are deemed waived on appeal.").

prohibited the imposition of an LWOP sentence on a juvenile offender for a nonhomicidal crime); *Miller v. Alabama*, 567 U.S. 460, 479–80 (2012) (holding mandatory LWOP sentences for juvenile offenders violate the Eighth Amendment and requiring a sentencing court issuing an LWOP sentence for homicide to a juvenile offender to conduct an individualized hearing in which it considers various factors, such as the offender's age and maturity and the circumstances surrounding the homicide offense); *id.* (noting an LWOP sentence is a disproportionate sentence for all but the rarest of children whose crimes reflect irreparable corruption).

Recently, in *State v. Slocumb*, our supreme court considered whether de facto life sentences violate the Eighth Amendment pursuant to the principles established in *Roper*, *Graham*, and *Miller*. 426 S.C. 297, 827 S.E.2d 148 (2019). Although the court acknowledged Slocumb's 130-year sentence constituted a de facto life sentence, it declined to extend the holdings of *Graham* and *Miller*, stating "a long line of Supreme Court precedent prohibits us from extending federal constitutional protections beyond the boundaries the Supreme Court itself has set." *Id.* at 306, 827 S.E.2d at 153. Noting *Graham's* holding only applied to de jure life sentences, the *Slocumb* court stated, "Neither *Graham* nor the Eighth Amendment, as interpreted by the Supreme Court, currently prohibits the imposition of aggregate sentences for multiple offenses amounting to a de facto life sentence on a juvenile nonhomicide offender." *Id.* at 314–15, 827 S.E.2d at 157 (emphasis omitted).

Based on the foregoing, we find Graham is not a member of the class of offenders contemplated by our precedent as he did not receive an LWOP sentence.[2] Accordingly, Graham's sentence is

**AFFIRMED.**

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[2] Graham additionally argues the circuit court erred in failing to make a specific finding of irreparable corruption pursuant to *Miller* before imposing his de facto life sentence. As our finding above is dispositive, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).