**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jason J. Owen, Appellant.

Appellate Case No. 2020-000175

―――――――――――

Appeal From Beaufort County
Jocelyn Newman, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2023-UP-019
Submitted November 1, 2022 – Filed January 18, 2023

―――――――――――

**AFFIRMED**

―――――――――――

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Duffie McDuffie Stone, III, of Bluffton, all for Respondent.

―――――――――――

**PER CURIAM:** Jason J. Owen appeals his conviction for first-degree harassment and his sentence of five years' imprisonment. On appeal, Owen argues the trial court erred in admitting multiple instances of character evidence. We affirm.

The trial court did not abuse its discretion in admitting the following evidence: flowers left at the victim's house from December 2013 to January 2014 and in April 2016; cards sent to the victim outside the time period in the indictment; a prior protective order from Mississippi and the victim's testimony regarding the order; Owen's interrogation video referencing other prior convictions; and testimony of alleged property damage to the victim's home. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Wilson,* 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) ("If there is any evidence to support the admission of the bad act evidence, the trial judge's ruling will not be disturbed on appeal.").

Initially, we find the flowers and cards left for the victim tended to make Owen's guilt more or less probable. *See* Rule 401, SCRE (stating evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); S.C. Code Ann. § 16-3-1700(C) (2015) (defining stalking as "a pattern of words, whether verbal, written, or electronic, or a pattern of conduct"); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts . . . may, . . . be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."). Owen's prior history of sending cards and flowers to the victim was relevant to show a pattern of conduct under the statute, his identity in sending the letters during the indictment time period, his intent to harass the victim, and his plan for continued unwanted contact with the victim. *See State v. Gillian,* 373 S.C. 601, 609, 646 S.E.2d 872, 876 (2007) (holding evidence that the defendant was in possession of property later used in the commission of crime was admissible to prove identity); *State v. Varvil*, 338 S.C. 335, 341, 526 S.E.2d 248, 252 (Ct. App. 2000) (finding evidence that a person who repeatedly telephoned another and went "out of his way to drive by her home and office" was relevant to show intent); *State v. Tutton*, 354 S.C. 319, 328, 580 S.E.2d 186, 191 (Ct. App. 2003) ("Where there is a pattern of continuous misconduct, . . . that pattern supplies the necessary connection to support the existence of a plan.").

Further, during his opening statement, Owen opened the door for the admission of the prior protective order. *See Mitchell v. State*, 298 S.C. 186, 188, 379 S.E.2d 123, 125 (1989) ("In a criminal case, the State cannot attack the character of the

defendant unless the defendant herself first places her character in issue."); *State v. Beam*, 336 S.C. 45, 52, 518 S.E.2d 297, 301 (Ct. App. 1999) ("[W]hen a party introduces evidence about a particular matter, the other party is entitled to explain it or rebut it, even if the latter evidence would have been incompetent or irrelevant had it been offered initially.").

Finally, any error in the admission of the interrogation video regarding Owen's other prior convictions or testimony of alleged property damage was harmless because the jury was already aware of Owen's previous convictions prior to the video and Owen was never connected to the alleged property damage. *See Pagan*, 369 S.C. at 212, 631 S.E.2d at 267 ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result."); *id.* ("Thus, an insubstantial error not affecting the result of the trial is harmless where guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.