## RICKY NOBLES, JR. *v.* ASTRAZENECA PHARMACEUTICALS LP ET AL.*

Superior Court, Judicial District of New London
File No. CV01-0559311

Memorandum filed August 12, 2003

*O'Brien, Shafner, Stuart, Kelly & Morris,* for the plaintiff.

*Pillsbury Winthrop LLP,* for the named defendant.

*Douglas W. Sichol* and *Riccio & Beletsky,* for the defendant Long Hill Road CVS, Inc.

*Chinigo, Leone, Maruzo & Basilica,* for the defendant Diane Morganthal et al.

### FACTS

HON. D. MICHAEL HURLEY, JUDGE TRIAL REFEREE. The plaintiff, Ricky Nobles, Jr., filed an amended complaint on October 23, 2002, for injuries he allegedly sustained while using the prescribed nasal spray Rhinocort. The plaintiff brought this action against the defendants Astrazeneca Pharmaceuticals LP (Astrazeneca) and Long Hill Road CVS, Inc. (CVS).

---

* The plaintiff withdrew his action against the defendants on September 9, 2003. By order dated September 10, 2003, the court vacated its decision on the named defendant's motion for summary judgment.

On February 10, 2003 CVS filed a motion for summary judgment, which was denied by this court on April 7, 2003, for CVS' failure to appear. CVS subsequently appeared for argument on May 27, 2003, claiming that the date set for argument on its motion was May 27, 2003, and not April 7, 2003. The court will now rule on CVS' motion for summary judgment. CVS relies on its supporting memoranda, reply brief and supporting exhibits that were filed in connection with this matter.

Astrazeneca filed a motion for summary judgment on March 3, 2003. On April 25, 2003, Astrazeneca filed a superseding motion for summary judgment asserting that the plaintiff's action is barred by the learned intermediary doctrine. In support of its motion, Astrazeneca submitted a memorandum of law and exhibits as well as a reply brief and exhibits.

The plaintiff filed objections to Astrazeneca's motion and CVS' motion on May 22 and 23, 2003, respectively. Both objections were accompanied by a memorandum of law in support of the objection and supporting exhibits.

## DISCUSSION

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) *LaFlamme* v. *Dallessio*, 261 Conn. 247, 250, 802 A.2d 63 (2002).

In the present case, both defendants argue that the plaintiff's claims are barred by the learned intermediary doctrine. "The learned intermediary doctrine provides that adequate warnings to prescribing physicians obviate the need for manufacturers of prescription products to warn ultimate consumers directly. The doctrine is based on the principle that prescribing physicians act as learned intermediaries between a manufacturer and consumer and, therefore, stand in the best position to evaluate a patient's needs and assess [the] risks and benefits of a particular course of treatment." (Internal quotation marks omitted.) *Vitanza* v. *Upjohn Co.*, 257 Conn. 365, 376, 778 A.2d 829 (2001). The drug manufacturer has the initial duty to warn prescribing physicians of the dangers associated with its product. Id., 382. Courts have recognized several exceptions to the learned intermediary doctrine that include incidences where the drug is advertised directly to the consumer or where the drug is overpromoted. Id., 393.

Astrazeneca argues that the treating physician was adequately warned of the dangers associated with Rhinocort by the package insert and, therefore, the learned intermediary doctrine applies, relieving it from liability. The plaintiff argues that the warnings on the package insert were inadequate because of the format, small print and lack of instruction on the proper use of the nasal spray. The plaintiff further argues that Astrazeneca advertised directly to the consumer and overpromoted the drug to treating physicians and, therefore, the learned intermediary doctrine does not apply.

The court reviewed the numerous exhibits provided by each party, which included the package insert and its numerous revisions during the time the plaintiff was using Rhinocort. Upon close review of the insert, the court finds that there are disputed issues of fact as to whether proper warning regarding the drug and its proper usage were provided to the treating physician.

There are also disputed issues of fact as to whether Astrazeneca overpromoted the drug or directly advertised to the consumer. Accordingly, Astrazeneca's motion for summary judgment is denied.

The court now turns to the issue of whether the learned intermediary doctrine insulates CVS from liability. CVS argues in its motion that it does not owe a duty to warn its customers of all the possible side effects of a prescribed medication because the prescribing physician is in a better position to do so, and, therefore, the learned intermediary doctrine shields it from liability. The plaintiff objects and argues that General Statutes § 20-620 (d) imposes an affirmative duty on the pharmacist to discuss and counsel the patient on the prescribed medication.

"The existence of a duty is a question of law." *Gordon* v. *Bridgeport Housing Authority*, 208 Conn. 161, 171, 544 A.2d 1185 (1988). The court finds that the pharmacy does not owe a duty to warn a patient of the side effects associated with a drug prescribed by a treating physician. See *Shaw* v. *Caldor, Inc.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV 94 0135645 (February 23, 1995) (*Lewis, J.*) (13 Conn. L. Rptr. 524); *Carafeno* v. *Gordon*, Superior Court, judicial district of New Haven, Docket No. CV 0343687 (May 6, 1993) (*Thompson, J.*) (pharmacy does not owe duty to warn of side effects of medication absent special circumstances). The treating physician is in a better position to warn such patient. Furthermore, § 20-620 (d),[1] which details the duties of pharmacists toward

---

[1] General Statutes § 20-620 (d) provides: "The discussion and counseling offered in accordance with subsection (c) of this section shall include information deemed significant by the pharmacist based upon the findings of the review conducted in accordance with subsection (b) of this section, including (1) the name and description of the drug; (2) dosage form, dosage, route of administration and duration of drug therapy; (3) special directions and precautions for preparation, administration and use by the patient; (4) common severe side or adverse effects or interactions and therapeutic contraindications or precautions which the pharmacist deems relevant; (5)

medicaid recipients, does not apply in the present case because it is undisputed that the plaintiff does not receive medicaid. Accordingly, CVS' motion for summary judgment is granted.

techniques for self-monitoring drug therapy; (6) proper storage; (7) prescription refill information; and (8) action to be taken in the event of a missed dose or adverse reaction."