## PHILIP L. DEED, ADMINISTRATOR (ESTATE OF PAULINE DEED) *v.* WALGREEN COMPANY ET AL.

*Superior Court, Complex Litigation Docket at Hartford*

File No. X09-CV-03-0823651S

Memorandum filed April 4, 2007

*Sabatini & Associates, LLC*, for the plaintiff.

*Regnier, Taylor, Curran & Eddy*, for the named defendant et al.

*O'Brien, Tanski & Young, LLP*, for the defendant John Dempsey Hospital et al.

*Palmer & Dodge, LLP*, pro hac vice, of the Rhode Island bar, for the defendant Paul E. Dwyer.

SHORTALL, J. Pauline Deed died on January 4, 2002, of "acute carisoprodol and oxycodone toxicity," according to the state medical examiner. These facts are undisputed. It is also undisputed that in the year preceding her death, carisoprodol and oxycodone were two of several prescription medications Deed was taking for pain relief, muscle tension, anxiety, depression and nausea, and that prescriptions for those medications were filled at the East Hartford drug store of the named defendant, the Walgreen Company (Walgreen's). During the year prior to her death, Deed submitted to Walgreen's approximately 149 prescriptions, all of which were filled according to the directions of the physicians prescribing the medications. The overwhelming majority of those prescriptions were written by her primary care physician.

This is an action for damages for Deed's wrongful death brought by the plaintiff, Philip L. Deed, administrator of her estate (administrator). The allegations of negligence on Walgreen's part, which survived a motion to strike, are that (1) "Walgreen's knew or should have

known that the combination of medications being supplied to [Deed] would cause her harm and could have and should have taken measures to remedy or correct it, but that the defendant negligently and carelessly failed to do so"; or (2) "that Walgreen's continued to fill prescriptions for medications it knew or should have known would cause harm and/or death to [Deed]."

In deciding a motion to strike the other allegations of negligence on Walgreen's part, the court, *Lavine, J.,* held that the "learned intermediary doctrine" applied in determining the liability of pharmacies for dispensing drugs prescribed by physicians. That doctrine was first applied in our state to shield drug manufacturers from liability for not warning consumers of the negative effects of their drugs as long as they had given adequate warnings to prescribing physicians of the dangers associated with their products. The physician became the learned intermediary between the drug manufacturer and his patient. "The learned intermediary doctrine stands for the proposition that, as a matter of law, the prescribing physician of a prescription drug is the person best able to take or recommend precautions against the harm [associated with the drug]." *Vitanza* v. *Upjohn Co.*, 257 Conn. 365, 384, 778 A.2d 829 (2001).

Judge Lavine concluded that "there is no logical reason why the learned intermediary doctrine should not be extended to pharmacies and pharmacists," subject to certain exceptions delineated in case law from other states which had previously considered the issue. *Deed* v. *Walgreen Co.*, Superior Court, judicial district of Hartford, Docket No. CV-03-0823651S (November 15, 2004) (*Lavine, J.*) (38 Conn. L. Rptr. 311). This court recognizes that as the law of the case; indeed, the court agrees with Judge Lavine's thoughtful consideration of the issue.

The one exception to the doctrine, which the plaintiff claims applies here, arises "when . . . a pharmacy or

pharmacist has specific knowledge of potential harm to specific persons in particular cases . . . ." Id., 313. When that situation exists, the pharmacy has a duty to warn and may be liable for the consequences of its failure to do so. Judge Lavine found that the two remaining allegations of negligence, "if proven true, might fall into the first exception to the learned intermediary doctrine . . . ." Id., 314. The question raised by Walgreen's summary judgment motion is whether there is any genuine issue of material fact regarding the circumstances surrounding Walgreen's dispensation of prescription drugs to Deed that fits within the exception recognized by Judge Lavine. The court holds that there are no such issues and that Walgreen's is entitled to judgment as a matter of law.

"[C]ourts holding that pharmacists owe their customers a duty beyond accurately filling prescriptions do so based on the presence of additional factors, such as known contraindications, that would alert a reasonably prudent pharmacist to a potential problem." *Morgan* v. *Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 466 (Tex. App. 2000), review denied, June 14, 2001. For example, in *Hand* v. *Krakowski*, 89 App. Div. 2d 650, 453 N.Y.S.2d 121 (1982), a doctor prescribed psychotropic drugs to a patient the pharmacist knew to be an alcoholic. The pharmacist also knew the drugs were contraindicated with the use of alcohol, yet continued to dispense them to the patient for six years without warning her of the danger. Id., 650–51. The patient died of pancreatitis associated with a severe degree of cirrhosis. Id., 650. The New York Appellate Division reversed the summary judgment granted in favor of the pharmacy because the pharmacy knew or should have known that the prescribed drugs were contraindicated with alcohol. Id., 650–51; see also *Riff* v. *Morgan Pharmacy*, 353 Pa. Super. 21, 30, 508 A.2d 1247 (1986) (obvious errors on face of prescription), appeal denied, 514 Pa. 648, 524 A.2d 494 (1987); *Dooley* v. *Everett*, 805 S.W. 2d 380 (Tenn. App. 1990) (incompatible prescriptions).

In the absence of such special circumstances, courts all over the country held that "a pharmacist owes no duty to warn his customer of the potential dangers of a prescribed medication." *Plante* v. *Lomibiao*, Superior Court, judicial district of Litchfield, Docket No. CV-04-400033S (March 31, 2005). (38 Conn. L. Rptr. 902, 904) (*Brunetti, J.*); accord *Nobles* v. *Astrazeneca Pharmaceuticals*, 48 Conn. Sup. 134, 137, 832 A.2d 1241 (2003).

Even where a customer is being overmedicated or overdoses, a pharmacy has no duty to notify the customer that they are being overmedicated because the duty to warn falls on the prescribing physician. *Jones* v. *Irvin*, 602 F. Sup. 399, 402 (S.D. Ill. 1985). The court in *Jones* noted that it is the duty of the *patient* to notify the prescribing physician of other drugs that the patient is taking. Id. In *Eldridge* v. *Eli Lilly & Co.*, 138 Ill. App. 3d 124, 485 N.E.2d 551 (1985), the plaintiff's wife died of an overdose of prescription drugs. He sued the dispensing pharmacy, alleging negligence in its dispensing of drugs in quantities beyond those normally prescribed. The court found in favor of the pharmacy, noting that placing such a duty on pharmacists would require them to learn a customer's condition and to monitor their drug usage, functions the court noted were more appropriately undertaken by physicians. Id., 129.

The administrator in the present case argues that Walgreen's had a duty to Deed to warn her or to contact her physician based solely on the number and frequency of the prescriptions she was submitting. He cites no authority for such a duty, and the court could find none.[2] The cases in which courts have found a duty to warn

[2] In opposition to the motion to strike, the plaintiff had cited *Happel* v. *Wal-Mart Stores, Inc.*, 199 Ill. 2d 179, 766 N.E.2d 1118 (2002), but that case is readily distinguishable because the pharmacist's duty to warn in that case was based on his knowledge of the customer's allergies and the fact that the drug prescribed was contraindicated for a person with those allergies. Id., 187–88.

on the part of a pharmacy are based on some knowledge on the pharmacist's part superior to that of the customer, e.g., that the prescribed drug is contraindicated for the customer or conflicts with other drugs the customer is taking. Here, Deed knew all the drugs she was taking, from whom she had obtained them, how frequently and for what purpose; so, the pharmacy had no knowledge superior to hers and no duty to warn. Further, the duty to inform her physician of the drugs she was taking was Deed's. See *Jones* v. *Irvin,* supra, 602 F. Sup. 402.

"To impose a duty to warn on the pharmacist would be to place the pharmacist in the middle of the doctor-patient relationship, *without* the physician's knowledge of the patient." (Emphasis in original.) *Fakhouri* v. *Taylor,* 248 Ill. App. 3d 328, 332–33, 618 N.E. 2d 518, leave to appeal denied, 152 Ill. 2d 557, 622 N.E. 2d 1204 (1993). Such a duty would compel the pharmacist to "second guess every prescription a doctor orders in an attempt to escape liability." *Jones* v. *Irvin,* supra, 602 F. Sup. 402.

The material fact here is whether Walgreen's had any specific knowledge of potential harm to Deed that might arise from the prescriptions she was submitting. There is no genuine issue; Walgreen's did not have any such knowledge. It, therefore, had no duty to warn her and no liability for the tragic consequences of her ingesting those drugs.

Walgreen's motion for summary judgment is, therefore, granted.